## SUPREME COURT.

### THOMAS CHADWICK vs. HENRY BROTHER.

Section 315 of the code reads as follows: " Costs may be allowed on a motion in the discretion of the court, not exceeding ten dollars." To entitle a party to costs under this section, they must be given *in the order* upon the motion, and the amount must be fixed by the court, not exceeding $10.

So held, where costs were charged in the general costs of the cause, $10 on motion to procure commission, and $10 on motion to procure order to examine a witness under section 354 of the first code, which were stricken out; they not being inserted in the respective orders.

*Double costs*, under the statute, may be allowed to a sheriff, sued as such (under the code,) where he succeeds in the suit. (This decision is adverse to the one in *Hallenbeck* v. *Miller*, *ante*, page 239, and concurs in the one in *Murray* v. *Haskins*, *ante*, page 263.)

*Steuben Special Term, October*, 1849.—Motion on the part of plaintiff for re-adjustment of costs, or for such other relief, &c.

The action was commenced under the Code of Procedure of 1848. The defendant was sheriff of the county of Steuben, and the action was brought against him for acts done as such sheriff through one of his deputies, in levying upon and selling certain personal property. Issue in fact was joined 30th January, 1849. On the 13th day of February, 1849, an order was granted on behalf of the defendant for the examination of L. F. Bigelow, a witness, before a referee. It is understood that this order was obtained under § 354 of the first code. On the 5th day of March, 1849, a commission was obtained to examine witnesses in the state of Pennsylvania, on the part of the defendant. On the same 5th day of March, 1849, an order was granted that plaintiff file security for costs in forty days, on the ground of his being a non-resident of the state, &c.

At a special term held in Bath, Steuben county, on the 7th day of June, 1849, an order was duly granted that unless the plaintiff file security for costs in twenty days, and pay $10 costs of motion, judgment of discontinuance should be entered with $10 costs of motion. No security being filed in pursuance of the last order, on the 20th July, 1849, the defendant's attorneys, residing in Oxford, Chenango county, served by mail, post paid, on the plaintiff's attorney, residing at Corning, Steuben county, a copy of the defendant's costs in the action, with notice of adjustment before the clerk of Steuben county, at his office in Bath, on the 26th day of July, 1849, at 10, A. M. The mail leaves Oxford for Corning daily, except Sundays, and reaches Corning ordinarily in two days from the time it leaves Oxford. The costs were adjusted by the clerk accordingly on the 26th day of July, no one ap-

pearing on behalf of the plaintiff, at $66.51 3-4. The copy costs and notice of adjustment were not received by the plaintiff's attorney, at Corning, until the 27th July, and did not arrive at the post office at the latter place until the day previous, after 9 o'clock, P. M. On the said 27th July, plaintiff's attorney wrote to the defendant's attorneys, informing them that he did not receive the copy costs and notice of adjustment until that day, and requested them to consent to a re-adjustment, &c. or to consent to strike out of said costs the two items of $10 each, and the item of $22.17 1-4, hereinafter mentioned; and received an answer in substance, declining a compliance with such request. The bill of costs contains the three following items, which are the same the plaintiff's attorney, in his letter to the defendant's attorneys, requested to have stricken out, viz:

" Costs on motion to procure commission,                    $10.00
" Costs on motion to procure order to examine L. F. Bigelow,   10.00
(These, with the other items in the bill, amounted to $44.34 1-2.
Then followed the other item in dispute, as follows:)
" To which add one-half, the defendant being entitled to
     double costs, being prosecuted in this action for acts
     done by him as a public officer."                      $22.17 1-4

          GEO. T. SPENCER, *for plaintiff.*
          WM. IRVINE, *for defendant.*

WELLES, Justice.—The defendant's attorneys were regular in procuring the adjustment of the costs. The papers were mailed at Oxford, post paid, on the 20th July; and the costs were to be, and were, adjusted on the 26th. The code (§ 311) requires but two days' notice. Mail service requires double time (§ 412) which, in this case, would have been good if the papers had been mailed on or before the 22d July. The regularity of the defendant's proceeding does not depend upon whether he is entitled to double costs, which are never allowed under the statute, by virtue of which they are here claimed, except on application to the court (Gr. Pr., 2d. ed. 733; 4 Wend. R. 216,) any more than upon the question whether any other item is properly charged. The defendant claimed that he gave the notice the law required; they were not objected to, and the clerk allowed them.

But I think under the circumstances of this case, the plaintiff should be relieved upon terms, provided there is any error in the costs as adjusted.

First, as to the two items of $10 each, objected to. Neither of the orders for the examination of the witness or for a commission, gave either party

costs. Under the former practice, the party who ultimately should prevail and be entitled to recover costs generally against the other, would be entitled to charge the costs of the motion in his bill. Such costs would abide the final event of the action.

But the difficulty under the code is, that no provision is anywhere made for motion costs, excepting in section 315. This section is as follows : " Costs may be allowed on a motion in the discretion of the court, not exceeding ten dollars." To entitle a party to costs under that section, they must be given in the order made upon the motion, and the amount must be fixed by the court at $10, or less. They are not regarded as a part of the general costs in the cause, and their collection does not depend upon the ultimate decision of the cause. I think, in this case, they were improperly allowed.

Second, as to double costs. The 303d section of the code repeals all statutes establishing or regulating the costs or fees of attorneys, solicitors or counsel in civil actions, and provides for the allowance to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, which are termed costs. Then follows a number of sections declaring in what cases costs shall be, or may be allowed, and fixing the allowance or tariff in each case. No provision is anywhere made in the code for doubling the costs, nor for any increase beyond the specific allowances, excepting in sections 308 and 309, which do not contemplate a case like the present.

The Revised Statutes (2 vol., p, 617, § 24,) allows the defendant to recover his taxed costs, and one-half thereof in addition, in certain cases therein mentioned. The present is one of those cases. It is an action against a public officer, elected by the people, for an act done by virtue of his office.

The next section provides that " when double or treble costs shall be awarded to any defendant, the same shall be deemed to belong to such defendant," &c.

The question is whether these provisions of the Revised Statutes are repealed by the code. I think they are not. They do not touch the question in what cases costs shall be recovered, nor the amount to be recovered in any particular case. The provision is for cases where the defendant recovers costs, whatever the amount or rate of costs may be, (which is left to be regulated by other statutes;) then the defendant shall recover one-half in addition to his taxed costs. Besides, the section of the code referred to, only repeals all statutes establishing or regulating the costs and fees of *attorneys, solicitors and counsel*, leaving

the disbursements to stand as regulated by other statutes, which sometimes amount to the largest half of the bill.

Again, the additional one-half of the bill is given by the Revised Statutes to *the party*, and not to the *attorney, solicitor or counsel.* The amount of their costs, with the disbursements, are only important in this connection, in order to ascertain what the defendant shall be entitled to beyond what he has to pay as taxable costs. And, finally, there is the same reason for allowing double costs in the cases specified in actions commenced under the code, as in those commenced before.

Let an order be entered that on payment of ten dollars costs of this motion, the clerk of Steuben county re-adjust the costs, unless the defendant will stipulate to deduct $20 from the single bill as adjusted, and to reduce the item of $22.17 1-4 so that it shall amount to one-half of the single bill after the said $20 are deducted, and to amend the judgment accordingly; and in case of a re-adjustment by the clerk, he deduct the item of ten dollars charged as "costs on motion to procure commission," and the item for the like sum charged as "costs on motion to procure order to examine L. F. Bigelow," and also that he reduce the item of $22.17 1-4 so as to amount to one-half of the single bill as re-adjusted.