## LENNOX and others *vs.* ELDRED and others.

On appeal from a judgment of a justice's court, a new trial was had in the county court, and a verdict found for the plaintiffs for $85. The defendant, on a case and exceptions, moved for a new trial, which was denied, with $10 costs to the plaintiffs. The defendants appealed to the Supreme Court from the judgment, and from the order denying a new trial. The Supreme Court, at General Term, decided to affirm in part, and reverse in part, and made an order in these words: "Judgment reversed as to the first cause of action, and affirmed for the debt of the defendant T. E. for $22.98, with interest * * *with costs of appeals to the appellants.*" The clerk taxed, for the defendants, costs of the county court, and $10 costs of motion for new trial, in that court, and $60 on appeal from the order, and $60 on appeal from the judgment, and disbursements in the justice's court, and in the Supreme Court. On appeal from the taxation,

*Held,* 1. That under section 306 of the Code, the General Term had the right, as well as power, to exercise its discretion in respect to the costs of the appeals in this court.

2. That the order of the General Term having declared the affirmance and reversal to be "with costs of appeals to the appellants," such order was binding, and controlled, until modified; notwithstanding an expression in the opinion of the court to the contrary.

3. That the "appeals" referred to, in the order, were the appeals to the Supreme Court.

4. That in virtue of the order made by the General Term, the appellants were entitled to tax the costs of appeals to the General Term, with the disbursements made upon such appeals.

5. That the appellants were entitled to the costs and disbursements of the appeal from the order, as well as to the costs and disbursements of the appeal

Lennox *v.* Eldred.

from the judgment; *i. e.*, $60 on appeal from the order, and $60 on appeal from the judgment, and disbursements in the Supreme Court.

6. That the defendants improperly included in the taxation the item of $10, "costs, motion for new trial."

7. That the costs of the justice's court, and the costs of the county court, were improperly allowed to the defendant, by the clerk.

A party's right to costs of a motion rests upon the order, not upon any statute; as costs of motions are in the discretion of the court.

APPEAL by the plaintiffs from a taxation of costs by the defendants.

The action was commenced in a justice's court, and a new trial had in the Lewis county court, and a verdict obtained for the plaintiffs for $85. The defendant moved for a new trial, on a case and exceptions, which was denied, with $10 costs to the plaintiffs. The defendants appealed from the order denying a new trial, and from the judgment. The General Term decided to affirm in part, and reverse in part; and made an order in these words: "Judgment reversed as to the first cause of action, and affirmed for the debt of the defendant Theresa Eldred for $22.98, with interest on same from October 6, 1871, *with costs of appeals* to the *appellants.*" (Opinion by SMITH, J.)

The order was made 27th of June, 1873. On the 10th of July, 1873, Justice SMITH telegraphed to the plaintiff's attorney, "Costs of appeal to receiver only." The defendants presented a bill of costs to the clerk, who taxed, for the defendants, costs of the county court, and $10 costs of motion for new trial in county court, and $60 on appeal from the order, and $60 on appeal from the judgment, and disbursements in the justice's court, and in the Supreme Court. The plaintiffs objected to each of the items of costs and disbursements included in the bill, and the clerk overruled the objections.

*T. M. Reed,* for the motion.

*C. E. Stephens,* opposed.

HARDIN, J.   By section 306 of the Code, it is provided
that costs of an appeal shall be in the *discretion* of the
court, "when a judgment shall be affirmed in part and
reversed in part."   In pursuance of that section, the
General Term had the right as well as power to exercise
its discretion in respect to the costs of the appeals in
this court.

The order of the General Term declares the affirmance
and reversal to be "with costs of appeals to the appel-
lants."   That order is binding, and controls, until modi-
fied ; notwithstanding an expression in the opinion of
Justice SMITH inconsistent with it.

The "appeals" referred to in the order, obviously,
were the appeals to the Supreme Court.   This construc-
tion is necessary, because it is only such costs that the
section provides shall be in the discretion of the court.
(*Code*, § 306.)

The appellants, in virtue of the order made by the
General Term, are entitled to tax the costs of appeals to
the General Term, with the disbursements made upon
such appeals.

The plaintiff insists that only costs of appeal from the
judgment should be allowed.   But it has been held that
costs of appeal from the order may also be given, as
well as costs on appeal from the judgment.   The cases
are so distinct and clear, upon the question, that at
Special Term it cannot be regarded as an open question ;
and the costs and disbursements of the appeal from the
order, and of the appeal from the judgment, must be
allowed to the appellants ; *i. e.*, $60 on appeal from the
order, and $60 on appeal from the judgment, and the
disbursements made in the Supreme Court.   (*Ahern*
v. *The Standard Life Insurance Co.*, 40 *How.* 190.
*Gray* v. *Hannah*, 3 *Abb. N. S.* 183.   *Harper* v. *Allyn*,
*Id.* 186.)

The result above stated gives full effect to the order
made by the General Term, and embraces all the items

Lennox *v.* Eldred.

covered by the discretion as exercised by that court pursuant to section 306 of the Code.

The defendants improperly included in the taxation of costs the item of $10 "costs, motion for new trial."

1. This item is not given by the order of the General Term.

2. It is by the order of the county court provided that the plaintiffs shall recover $10 costs upon that order.

3. It is not an item given by statute, and a party's right to costs of a motion rests upon the order, not upon any statute; as costs of motions are in the discretion of the court. (*Code,* § 315.   4 *How. Pr.* 283.   *Stevenson* v. *Pusch,* 40 *id.* 91.)

These must be stricken from the bill, upon a re-taxation by the clerk of Lewis county.

The costs of the justice's court, and the costs of the county court, were improperly allowed to the defendants by the clerk.   The General Term order did not award them to the defendants.   At the time the judgment was entered in the county court the plaintiffs were entitled to recover costs and disbursements.   The reversal of part of the judgment has not changed the plaintiffs' right to costs of the county court.   The judgment given by the county court remains, except so far as it has been modified by the General Term; and, as before shown, the extent of that modification is as to one cause of action.

The discretion exercised by the General Term, in respect to costs, did not refer to, or affect, the rights of the parties in respect to the costs and disbursements incurred in the justice's court, and in the county court.

An order for re-taxation, to take place upon the principles stated in this opinion, must be allowed.

As neither party is entirely successful, on this motion, no costs are allowed upon this motion to either.

[HERKIMER SPECIAL TERM, September 2, 1873.   *Hardin,* Justice.]