## SUPREME COURT.

JAMES SAVAGE and PATRICK H. COWEN agt. JAMES H. DARROW.

Costs upon an appeal under the 349th section of the amended code, must be governed by the 315th section. (*The court decided in Livingston agt. Miller, ante, page 42, and William agt. Allen, ante, page 54, that the 6th sub. of sec. 307 is repugnant to the other provisions in the code on the same subject, and must be rejected.*) Such an appeal is within the definition of a motion contained in the 401st section. The costs are therefore in the discretion of the court. Where none is awarded upon the decision of the appeal, none can be allowed on the appeal.

*Albany Special Term, August 7, 1849.*—A motion having been made in this cause before Mr. Justice Willard, to vacate an order holding the defendant to bail, and the same having been denied, the defendant appealed from the order denying the motion to the general term. Upon the appeal, the decision of the justice was reversed, and the order to hold to bail vacated. Upon an affidavit showing these facts, the defendant moved that the plaintiff be ordered to pay to the defendant $45 for his costs upon the appeal, and that he be at liberty to issue a precept in the nature of an execution, to collect such costs.

A. BOCKES, *for defendant.*

R. W. PECKHAM, *for plaintiffs.*

HARRIS, Justice.—The motion for costs is founded upon the 6th subdivision of the 307th section of the code. It is supposed by the defend-

ant's counsel that the costs specified in that subdivision are recoverable upon appeals in the cases mentioned in section 349, and in such cases only. If this were so, I do not perceive why the defendant would not be entitled to the costs he demands. But I have just decided in *Wilson* agt. *Allen*, (*ante*, page 54,) that the clause in the 6th subdivision, upon which the defendant relies, is repugnant to the other provisions in the code relating to the same subject, and must be rejected.

The only allowance for costs provided by the code upon an appeal under the 349th section is, I apprehend, under the 315th section. In *Van Wyck* agt. *Alliger*, 3 Howard's Pr. R. 292, it was held that the *rehearing* of a motion was, within the meaning of the 270th section of the code, corresponding with the 315th section of the amended code, a motion; and the opinion was intimated that the same construction would be given upon appeal. I think such an appeal is within the definition of a motion contained in the 401st section. But the costs upon a motion are in the discretion of the court deciding the motion; and as none were awarded upon the decision of the appeal, none can be allowed. The motion is therefore denied, but without costs.