## SUPREME COURT.

### NELLIS agt. DE FORREST.

#### COSTS.

A clerk of the Supreme Court (now county clerk) has no power to adjust costs only on *final judgment*. And that authority is given by § 311 of the Code. (*This agrees with Eckerson agt. Spoor,* 4 *How. Pr. R.* 361; *Morrison agt. Ide, id.* 304; *Mitchell agt. Westervelt, ante p.* 268.)

On appeals from the special to the general term, the 2d subdivision of § 349 of the Code (1851) reads as follows: " When it (the order) grants or refuses a new trial, *or when it sustains or overrules a demurrer.*" The question that arises now is this; Is the decision at special term, overruling a demurrer, an *order*, and appealable as such, or a *judgment*, requiring final judgment to be entered before the appeal can be brought. *Held,* that under this section an appeal may be brought upon the order, without entering final judgment. (*It was otherwise before the amendment. See Bentley agt. Jones.* 4 *How. Pr. R.* 335; *King agt. Stafford,* 5 *id.* 30.)

Therefore, how much costs is a party entitled to on such an appeal? Not exceeding *ten dollars,* as fixed by § 315. And this amount must be inserted in the order, otherwise he can't get it.

*Otsego Special Term, March* 1852. This was a motion on the part of the defendant for an order fixing the amount of costs to be paid by defendant to the plaintiff upon a judgment or order of a single judge, overruling the demurrer of the defendant to two counts of the complaint, and allowing the defendant to answer upon payment of costs, or for an order readjusting the costs as adjusted by the clerk of Oneida county, and for leave to serve said answer.

MR. NEWTON, *for Defendant.*

T. R. FLANDRAU, *for Plaintiff.*

Nellis agt. De Forrest.

CRIPPEN, Justice.—The papers on which this motion was made, show that the defendant demurred to the complaint; that the court overruled the demurrer to the two last counts of said complaint, with leave to answer on payment of costs. The defendant appealed from the order or judgment against him on the demurrer, to the general term, and judgment of affirmance was rendered on the appeal.

The plaintiff's attorney thereupon noticed the adjustment of his costs on the demurrer and on the appeal before the clerk of Oneida county. The defendant's attorney appeared and opposed such adjustment, and objected to the authority of the clerk to adjust the costs. The clerk overruled the objection, and proceeded to adjust the costs, both on the trial of the issue of law and on the appeal, and allowed the same at $75·62.

The following items were allowed on the appeal to wit:

| | |
|---|---|
| Printer's fees for printing points, | 4·00 |
| Respondent's costs before argument, | 15·00 |
| For argument, | 30·00 |
| Clerk's trial fee at general term, | 1·00 |
| Postages, 12½, affidavit, 12½, | 0·25 |
| | $50·25 |

The defendant also objected before the clerk, to each of the foregoing items, on the ground that by the judgment of the general term, pronounced upon the appeal, no costs were given thereon to either party; and also that no more than ten dollars costs could have been given by the court.

Section 311 of the Code, authorizes the clerk to adjust costs and insert the same in the entry of judgment, on the application of the prevailing party, &c. No other authority is given to the clerk to tax or adjust costs in any case, and it seems very clear that section 311 only confers this power on the clerk on the entry of final judgment *in the action.*

In Eckerson agt. Spoor (4 *How. Pr. R.* 361), Justice PARKER decides that no authority is conferred upon the clerk by the Code to tax costs except in cases of final judgment. The same justice decides in the case of Morrison agt. Ide and others (4 *How. Pr. R.* 304), that the clerk has no power to tax costs; his only authority

by § 311 of the Code, is to insert in the entry of judgment the sum of charges for costs and disbursements. No adjustment or taxation of costs is provided for, except what is contained in section 311, and that applies to final judgments.

In the case of Mitchell agt. Westervelt (6 *How. Pr. R.* 268), Justice HAND, expresses a doubt as to the authority of the clerk to adjust costs in any case except on final judgment. He thinks the better way is to fix the amount of costs in the order, and where that can not be done, a reference to the clerk may be had to ascertain and adjust the amount. The court has an undoubted right to fix the amount of costs, or to refer the adjustment to the clerk, in any case where it does not come within the provision of section 311 of the Code.

It does not appear that any objection was raised to the clerk's authority to adjust the costs in the case of Collomb agt. Caldwell (5 *How. Pr. R.* 336). The court in that case decided that the amount of the costs, as well as all the items allowed by the clerk, were legal and proper to be allowed in that case; no objection having been made to the authority of the clerk to adjust the same, the court did not advert to or decide that question. The costs in that case were adjusted on notice, and the amount as fixed by the clerk, paid without objection. The court, therefore, very properly denied a motion afterwards made, for a readjustment of said costs. This case is no authority under the circumstances, upon the questions now raised in the case under consideration.

The court in the 6th district at the January term, 1852, in the case of Burnside agt. Brown and Carpenter, decided that the clerk had no authority to adjust costs in a case where the special term had set aside a report of a referee and granted a new trial on the payment of costs, The order granting a new trial did not fix the amount of costs. The clerk of Otsego county was applied to, and taxed or adjusted the costs. An appeal or a motion was made at a special term for a readjustment, on the ground of an allowance of improper items of costs by the clerk. The court at special term readjusted the costs reducing the clerk's adjustment a few dollars. A motion was then made at the general term in the nature of an appeal from the order made at the special term; and the court decided that the clerk had no authority

to tax or adjust the costs. That the court at special term had the power to fix the amount by an order made for that purpose, and that the general term had power to review the order of the special term on an appeal brought therefrom.

It appears from authority to be settled law, that the county clerk of Oneida county had no authority to adjust the costs to be paid by the defendant as a condition of his right to answer the complaint. The costs not having been legally adjusted, this court directs and orders that the plaintiff is entitled to the following costs, to be paid by the defendant on the trial of the issue of law, to wit:

| | |
|---|---|
| Proceedings after notice and before trial, | $7·00 |
| Trial of issue of law, | 15·00 |
| Clerk's trial fee, | 1·00 |
| Affidavits, | 0·62 |
| Postages, | 1·50 |
| Clerk's fee for certifying copy order, | 0·25 |
| | $25·37 |

The charges for affidavits and postages were supported by proof. The charge of 25 cents for copy order by the clerk may not and probably is not a legal charge, but I will not now stop to inquire into its legality.

In addition to the above bill of $25·37, the plaintiff claims to recover costs on the appeal to the general term from the judgment upon the demurrer rendered at a special term.

The court at the general term rendered the following judgment upon said appeal: "Ordered and adjudged that the aforesaid judgment in this action be and the same is hereby in all things affirmed." It will be observed that in giving judgment upon the appeal the court have wholly omitted to award costs to either party.

The appeal in this case is given by section 349 of the Code, and it was brought under that section, This section authorizes an appeal from an order made at a special term by a single judge, to the general term, in certain specified cases. The 2d subdivision of the section reads as follows: "When it grants or refuses a new trial, or when it sustains or overrules a demurrer."

This provision of the Code is new and is found in the Code of 1851, and not in the previous Codes.

Prior to the Code of 1851, a judgment upon demurrer was not appealable until a final judgment was rendered in the action (Bentley agt. Jones, 4 *How. Pr. R.* 335; 5 *id.* 30). In the amendment of the Code in 1851, provision is made in section 349, to obviate this difficulty by giving a right to a party to appeal from an order or judgment upon demurrer before final judgment in the action. The legislature intended to give the party a right to appeal from the judgment of a special term upon a demurrer, without waiting until final judgment. With this view of the case, the next question is how much costs are the parties entitled to recover upon an appeal under section 349 of the Code.

I deem this question to have been settled by a decision of the court prior to the amendment of the Code in 1851, when section 349 was amended as above stated. As early as August 1849, in the case of Savage agt. Darrow (4 *How. Pr. R.* 74), it was held by Justice HARRIS, that the only allowance for costs provided by the Code upon an appeal under section 349 is in section 315, which allows not exceeding ten dollars, in the discretion of the court. This decision of Justice HARRIS has never been doubted or overruled; on the contrary, it has been regarded by the courts and the bar a sound construction and application of the provisions of the Code.

The amendment of section 349 of the Code, made by the legislature after repeated decisions of the court, that a decision upon a demurrer was not an order but a judgment, and that no appeal would lie in such case until final judgment in the action was entered, is strong evidence, to my mind, that the legislature intended to class such decisions under the head of orders of the court, and that an appeal therefrom should be governed by the same rules of law in all respects, as an appeal from any other appealable order made at special term, or by a single judge. If this was not so intended, the provision in relation to appeals from decisions made in overruling or sustaining a demurrer, should not have found a place in section 349.

If my views of this case are correct, it follows that the plaintiff is not entitled to any costs on the appeal. No costs are given

32

in the decision made by the general term upon the appeal. That court had the power to give not exceeding ten dollars costs; but having omitted to do so no costs are to be recovered by either party.

My opinion, therefore is, that the defendant be allowed to answer the complaint on the payment of the plaintiff's costs upon the trial of the issue of law, which I fix at $25·37. No costs given upon this motion to either party.