Jones, J.
The defendant is not in a position, at present, to tax his 'costs. The action is still pending, no determination of it having yet been made. A new trial has been granted to the plaintiff, and she may bring the cause on for trial. The order which she obtained, discontinuing the action without costs having been vacated, the action stands in the same position as it did before that order was made.
These 'remarks apply to all the items of the bill, except the costs given by the last general term 'order. As to these costs, however, they are interlocutory; and' until a determination of the action, the clerk has no power to tax them, unless expressly authorized by the court. Both these points, however, having been waived by the plaintiff’s counsel, and the motion having been submitted to me by them *676 for a decision on the merits, I will proceed to so consider it.
The decision of the clerk in refusing to allow the costs of the first appeal, was correct. The granting of the costs of that appeal rested entirely in the discretion of the general term, which ordered the new trial. That general term did not see fit to give costs; neither the clerk, nor a judge at special term, nor any general term, except on a re-=argument ordered, can review that decision. It is urged that, as the order of the general term is silent on the subject of costs, the usual costs follow the decision. This is not so. The subject of costs is a matter of statutory regulation. A party obtains costs only through the statute, and obtains them only in cases where the statute gives them. How,, looking at the provisions of the Code on the subject of costs, it is evident that where a new trial is ordered on appeal, costs of the appeal are not given, of course, to either party, hut the allowance of them is placed in the discretion of the general term that heard the appeal. Being thus in the discretion of the general term, that discretion must be affirmatively exercised in favor of a party, in order to entitle that party to them. If it is not so exercised, the case is one where no provision for costs to either party is made. This is the view taken by the court in Nellis v. DeForrest, (6 How. Pr. 413,) and in Savage v. Darrow, (4 id. 74.)
For the same reason the item of costs for opposing motion to modify the order, must he disallowed.
The general term, on the last appeal, having given to the defendant the costs of that appeal, ánd costs of opposing motion to discontinue without costs, those costs are- probably taxable, and the question is, how much these posts are ? The general term order did not specify the amount of costs. "When such is the frame of the order, the full amount of the costs given by statute for the proceedings for which, the court adjudges costs to a party, is taxable. /Upon this rule, the sum of $10 is taxable, as the costs, of opposing the motion to discontinue without costs.j
*677 The only remaining question is, as to what amount of costs may be taxed for the second appeal. The appeal in question is from an order, which, in effect, determined the action, and prevented a judgment from which an appeal might be taken. It, therefore, fell within the cases enumerated in section 349, and consequently section 307, by its express terms, does not apply. Unless the appeal can be regarded "as a motion made at general term, then, although the general term gave costs, yet, as the statute fixes no amount, no costs could be taxable.
¡But such an appeal is tó be deemed a motion made at general term; consequently the costs given are. motion costs, which are $10, and the disbursements for printing the appeal papers. (Savage v. Barrow, 4 How. Pr. 74. Nellis v. DeForrest, 6 id. 412.)
On the argument of this motion, it seemed to be supposed, by the defendant’s attorney,* that the decision of the general term, on the last appeal, had some bearing on the questions raised on the motion. That decision, however, was simply as to the power of the court to allow a plaintiff, before the determination of the action, to withdraw his suit without payment of costs, for the purpose of avoiding a decision whereby he might be charged with costs. It-in no way touched upon the question as to the power of a judge.or court, upon making a decision, to grant or withhold, by that decision, the costs of the proceedings which resulted in the decision. The two subjects are entirely distinct, and the principles relating to each are equally distinct.
It results from the views above expressed that a retaliation must be ordered, for the purpose of enabling the clerk to add to the bill of costs these items:
Costs of opposing motion to discontinue without
costs,.....• ..........$10 00
Costs on second appeal to general term, .... 10 00
Disbursements for printing papers on second appeal, 12 90
¡No costs of this .motion to either party.