## SUPREME COURT.

MATTHEW MORRISON agt. JOHN S. IDE and others.

A discontinuance, without the payment of defendant's costs, is a nullity.

Where a motion has been granted or denied, and nothing is said about costs in the order deciding it, the clerk can make no allowance for costs of such motion in the final costs of the action.

The code provides for no costs of motion, unless the same are allowed and the amount fixed by the court on the decision of the motion.

The allowance provided in section 307 of the code, "for all subsequent proceedings before trial, seven dollars," is not chargeable till the cause has been noticed for trial.

*Rensselaer Special Term, April* 1850.—The plaintiff moved to strike this cause from the circuit calendar with costs. The following facts appeared in the affidavits presented to the court. Jefferson county was designated in the complaint as the place of trial. The answer was served 12th November, 1849. Defendants' attorneys moved to change the place of trial to Rensselaer, and the motion was granted on 3d December, 1849. Nothing was said about costs of motion in the order changing the place of trial. On the 21st December, 1849, plaintiff's attorney wrote to defendants' attorneys, saying the action would be discontinued and asking for a statement of their disbursements. On 6th January, 1850, plaintiff's attorney received in answer a statement of the costs claimed by defendants' attorneys, in which the disbursements were stated at $1.92.

On 23d of same month, plaintiff's attorney sent to defendants' attorneys notice of discontinuance, and enclosed seven dollars to pay costs and disbursements. On the 29th, the $7 was returned, with notice that defendants' attorneys declined to receive it, and that they would insist upon the payment of $23.92. The seven dollars was again tendered and refused, when defendants' attorneys noticed their bill of costs made out at $23.92 for taxation before the county clerk of Rensselaer, and they were taxed by him at that sum on 18th February, 1850. The bill, as taxed, consisted of the following items:

| | |
|---|---|
| Costs before notice of trial, - - - - - | $5 00 |
| Subsequent, and before trial, - - - - - | 7 00 |
| Motion to change place of trial, $10 ; copy rule, 05, | 10 05 |
| Oaths 62 1-2, postages $1.25, - - - - - | 1 87 |
| | $23 92 |

Payment of such taxed costs was demanded of plaintiff's attorney and

refused and on some day defendants' attorneys noticed the cause for trial, and put it on the calendar for the Rensselaer circuit.

M. I. TOWNSEND, *for plaintiff.*

SEYMOUR & ROMEYN, *for defendant.*

PARKER, Justice.—The question to be decided is, whether this action was discontinued by the service of the notice of discontinuance, and the payment of five dollars and disbursements. A discontinuance without the payment of costs, is a nullity. (*Huntington* v. *Forkson*, 7 Hill, 195; *White* v. *Smith*, 4 Hill, 166.) And so it was treated in the present case, by the defendants' attorneys, who claimed that the money tendered was insufficient to pay their costs.

The defendants' attorneys were clearly wrong in charging in their costs $7 for their costs subsequent to the notice of trial, and before trial. That item is not chargeable until an action has been noticed for trial. It was intended as a compensation for preparing for trial, after notice of trial; and in this case the notice of trial was not served till after the tender and service of notice of discontinuance.

Were the defendants' attorneys entitled to charge $10 for costs of the motion changing the place of trial?

Under the late practice, it was not usual to charge either party with costs of a motion to change venue, at the time of deciding the motion. Nothing was said in the rule about costs, and in such case the costs were to abide the event of the suit. The successful party in making out his final bill of costs, inserted the general items allowed in the fee bill for services on special motions. But we have now no such allowance in the fee bill. The code gives no compensation for services on special motions, but the court, in its discretion, is authorized to allow costs on a motion, not exceeding ten dollars. If the judge makes no such allowance in the order, the clerk has certainly no power to review his discretion and make an allowance. It is right that the unsuccessful party should pay the costs of such a motion, but such payment cannot be enforced under the code, unless it is provided for, and the amount fixed in the order by which the motion is decided. Perhaps it would be sufficient to say in the order that costs are fixed at ten dollars to abide the event of the suit. It has been heretofore thought equitable, that the costs of such motions should fall on the party who fails in the suit, rather than on the party who fails in the motion.

In this case the defendant was allowed, by section 307 of the code, "for all proceedings before notice of trial, five dollars." This, with his

disbursements, was the extent of his legal claim for costs when the no-
tice of discontinuance was served.    The money tendered was, therefore,
sufficient, and the cause was legally discontinued.

The clerk had no power to tax the costs.   He is only authorized, by
section 311, to insert in the entry of judgment the sum of charges for
costs and disbursements.   No taxation is deemed necessary, and no
adjustment in other cases is provided for.   It is supposed the amount
due can be readily ascertained by the parties, by reference to the pro-
visions of the code.

The motion must be granted, but the practice having been somewhat
unsettled, no costs of motion will be allowed.