280 PEOPLE ex rel. ITHACA *v.* D., L. & W. R. R. CO.

THIRD DEPARTMENT, DECEMBER TERM, 1896.　　　　[Vol. 11.

THE PEOPLE OF THÈ STATE OF NEW YORK ex rel. CITY OF ITHACA, Respondent, *v.*. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, and THE CAYUGA AND SUSQUEHANNA RAILROAD COMPANY, Appellants.

*Laying out streets across railroad tracks — duty of the company — it cannot question the necessity of the street — construction of resolutions laying out a street.*

The Legislature has power to authorize the laying out of a street across the tracks of a railroad company, and to require the company to carry such street across its tracks, without compensation.

The municipal corporation or other instrumentality authorized by the Legislature to determine whether a street should be laid out is the sole judge as to the necessity therefor.

A resolution of a municipal corporation which lays out a street from a given point, south "to the track" of a railroad company, "and thence to the south line. of said city " carries the street across (and does not omit therefrom the space between) the tracks of the railroad company; as, assuming that the words "to the track " of the company carries the street only to the nearest rail, the subsequent word "thence" carries the street from that rail over the other rails and to the south line of the city.

Resolutions passed by the common council of a city at the same time, and relating to the same subject-matter, are to be construed with reference to each other in like manner as are the sections of a statute bearing upon the same subject.

APPEAL by the defendants, The Delaware, Lackawanna and Western Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 27th day of July, 1896, upon the decision of the court rendered after a trial at the Tompkins Special Term, awarding a peremptory mandamus in favor of the plaintiff and against the defendants, requiring the defendants to cause Cayuga street in the city of Ithaca to be extended across the railway tracks of the defendants and for the costs of this action.

On the 4th day of September, 1895, at a regular meeting of the common council of the city of Ithaca, the following resolutions were adopted, and the same were duly approved by the mayor of said city :

"*Resolved*, That Cayuga street be continued southward to the city line, there to connect with a road about to be laid out in the

PEOPLE ex rel. ITHACA v. D., L. & W. R. R. CO.   281

App. Div.]   Third Department, December Term, 1896.

town of Ithaca, making direct communication southward with the Danby road; and, for that purpose,

"*Resolved*, That, pursuant to authority vested in the common council of the city of Ithaca, a street be, and is hereby, laid out in said city, fifty feet in width, extending from the intersection of Cayuga street with the Spencer road south to the track of the D., L. & W. Railroad Company, and thence to the south line of said city; being bounded on the west by lands of Mary E. Van Order, Crowley, Driscoll, T. H. Van Inwagen, S. B. and E. T. Turner, and on the east by lands of Anna Murray, F. Park, M. Granville, L. James, W. Vunk and S. B. and E. T. Turner; the center line of said extension continuing one degree and eighteen minutes west from the center line of that portion of Cayuga street lying between Clinton street and the Six Mile Creek bridge.

"*Resolved*, That the grade of said street be fixed as designated in the map and survey prepared by J. F. Bradley, engineer, and as provided in the contract heretofore made with C. M. Titus for the construction thereof.

"*Resolved*, That the city attorney be authorized and directed to cause due notice of the laying out of such street across the track occupied by the Delaware, Lackawanna & Western Railroad Company to be personally served upon the proper officer of the company or companies owning and occupying the same as required by statute, and the said company or companies be requested to cause the said street to be taken across their track in the manner required by law."

Prior to the adoption of said resolutions a conveyance of the lands described in said resolutions was made to the city of Ithaca, to be used as a highway and for other municipal purposes, and such conveyance was accepted by a resolution of the common council and approved by the mayor.

Pursuant to the above resolutions of the common council a notice, duly subscribed by the mayor and city attorney of the city of Ithaca, was duly served upon the presidents of the respective defendants, directed to said defendants, to each of which notices was attached a certified copy of such resolutions. The following is a copy of the notice: "You will please take notice that the Common Council of the City of Ithaca, in the County of Tompkins and State

282    PEOPLE ex rel. ITHACA *v.* D., L. & W. R. R. CO.

THIRD DEPARTMENT, DECEMBER TERM, 1896.            [Vol. 11.

of New York, have duly laid out a street across the track occupied by the Delaware, Lackawanna & Western Railroad Company, along the line, upon the grade, and of the width described in the annexed resolution; and that you are required to cause the said street to be taken across your track as shall be most convenient and useful for public travel, and to cause all necessary embankments, excavations and other work, to be done on your road for that purpose, in accordance with the provisions of the statute in such case made and provided."

Subsequently the city attorney of the city of Ithaca sent a communication to the defendant, the Delaware, Lackawanna and Western Railroad Company, in which he described the character of the crossing that would be satisfactory to the city; in answer to which he received a communication from the general manager of such defendant, containing the following clause: "We must respectfully decline to entertain any proposition for a street at the point named. We have no desire, in any way, to object to necessary improvements, but in this case we do not think the proposed street at all necessary."

Both of the defendants have neglected and refused to carry the said street across their tracks as required.

Cayuga street, which it is proposed by the city of Ithaca to extend in the manner described in the resolutions, is a public street in the city of Ithaca, and is one of the main thoroughfares extending north and south across the city, and the proposed extension is entirely within the city bounds.

The proposed extension has been substantially constructed from the former southern terminus of said Cayuga street southward to the tracks of the defendants, but it has not been constructed or graded from said track of the defendants south to the city line.

The court below found that the street ordered so laid out is necessary for the convenience of the inhabitants of said city, and that the crossing, if properly constructed, would neither be unsafe or dangerous to the persons using the street, or to the lives or property of the patrons of the defendants; that the crossing of the railroad tracks of the defendants is practicable and not unreasonable or expensive either in its construction or maintenance.

The defendants refusing to construct such crossing, the plaintiff

PEOPLE ex rel. ITHACA *v.* D., L. & W. R. R. CO. 283

App. Div.] Third Department, December Term, 1896.

procured an alternative writ of mandamus, and issue being joined thereon, a trial was had, which resulted in a judgment awarding a peremptory writ of mandamus in favor of the plaintiff and against the defendants, together with costs, from which judgment the defendants appeal to this court.

*S. D. Halliday,* for the appellants.

*Jared T. Newman,* for the respondent.

Herrick, J. :

By section 1 of chapter 62 of the Laws of 1853 it is provided that " It shall be lawful for the authorities of any city, village or town in this State, who are by law empowered to lay out streets and highways, to lay out any street or highway across the track of any railroad now laid, or which may hereafter be laid, without compensation to the corporation owning such railroad."

By section 2 it is provided that " It shall be the duty of any railroad corporation, across whose track a street or highway shall be laid out as aforesaid, immediately after the service of said notice, to cause the said street or highway to be taken across their track, as shall be most convenient and useful for public travel, and to cause all necessary embankments, excavation and other work to be done on their road for that purpose."

By section 3 of title 6 of chapter 212 of the Laws of 1888, being the charter of the city of Ithaca, it is provided that " The common council shall have power, subject to the limitations imposed by the general laws of the State, to lay out, make and open streets, alleys, lanes, highways and public grounds, and may lay the same through any lands, building, garden, orchard or enclosure in said city."

Section 5 provides for the proceedings to be taken when the laying out of streets, alleys, lanes or highways require that private property shall be taken.

That the Legislature has power to authorize the laying out of a street across the tracks of a railroad company, and to require it to carry such street across its tracks, without compensating it therefor, has been decided in this State, and is not questioned by the defendants here. (*Buffalo, etc., R. R. Co.* v. *N. Y., L. E. & W. R. R. Co.*, 72 Hun, 587, and cases cited.)

284   PEOPLE ex rel. ITHACA *v.* D., L. & W. R. R. CO.

THIRD DEPARTMENT, DECEMBER TERM, 1896.         [Vol. 11.

In this case no land was to be taken, the necessary land having been previously acquired by the city, so that it was not necessary to take the proceedings directed by the charter of the city of Ithaca when land is to be acquired by eminent domain for street purposes.

The passage of the resolutions and their approval by the mayor was, under the circumstances, all that was necessary to be done to lay out, open or extend the street in question. It will be observed that when the city authorities suggested what would be a satisfactory crossing, the objection was made that the street was not necessary, and that was one of the issues tried in the court below, and it was found by the trial court that such street was both convenient and necessary.

I do not think the defendants can question the necessity or propriety of laying out the street; that is a matter exclusively for the determination of the mayor and common council of Ithaca.

The purpose is undisputably a public one; and, in taking lands by the right of eminent domain, it is the settled law of this State that if the use to which lands are to be put is public the Legislature, or the instrumentality which it employs, is the sole judge of the necessity. (*People ex rel. Herrick* v. *Smith*, 21 N. Y. 595; *Rensselaer & Saratoga R. R. Co.* v. *Davis*, 43 id. 137; *Matter of Fowler*, 53 id. 60.)

The fact that in this instance the land required has been donated, so that there is no necessity for exercising the right of eminent domain, makes no difference in the principle; the question of the necessity of a street remains the same whether the land therefor has to be acquired by compulsion or is acquired by gift.

The appellants assert that the city of Ithaca has not in fact laid out a street or highway across the track of the defendants' railroad, and their contention is based upon the wording of the second resolution reading in part as follows: "A street be, and is hereby, laid out in said city, fifty feet in width, extending from the intersection of Cayuga street with the Spencer road south to the track of the D., L. & W. Railroad Company, and thence to the south line of said city."

The contention is, that the words " to the track of the D., L. & W. Railroad " takes the street only to the first, or north track of the railroad, making such north track the stopping point; and that

the words "and thence to the south line of said city," makes the new starting point the south track of the railroad, thus leaving a hiatus of the space embraced between the north and south tracks, in other words, of the entire space occupied by the defendants' tracks.

This objection to and criticism of the resolutions of the common council seems to me to be hypercritical and without force.

Assuming the position of the appellants to be correct, that the language of the resolution extending Cayuga street south *to the track* of the defendants only carries it to the first or north track of the defendants, then the words "*thence* to the south line of said city," takes it from that point, that is, the north track; in other words, the stopping point of one part of the description is the commencement of the other part; "and thence," means from the point to which the other words had carried it. There are not two points given, only one; the point where one part of the description ends being the same point where the other part of the description begins.

Reading the resolutions together makes it entirely clear that the street is laid out across the tracks.

The resolutions set forth in the statement of facts herein, in relation to the extension of Cayuga street to the south line of the city, were, as I understand it, all passed at one and the same time, and are to be read together, the same as if each separate resolution was a section of a statute, and each resolution, like each section of a statute, is to be construed in reference to each other section of such statute bearing upon the same subject. This is a familiar rule in the construing of statutes, and needs no citation of authorities to sustain it.

The first resolution provides that Cayuga street shall be continued south to the city line. It cannot be so continued unless it crosses the tracks of the defendants. The last resolution provides that the city attorney be directed to cause due notice of the laying out of such street *across* the tracks occupied by the Delaware, Lackawanna and Western Railroad Company, etc.; so that the intention is obvious. And the language used is sufficient to make the intention clear, and lays out said street not only to the defendants' tracks, but across them.

The street has been duly and lawfully laid out; the defendants have been notified, as the law requires; the street has been constructed up to the line of their tracks; it is their duty to take it across them, " as shall be most convenient and useful for public travel." The manner of doing it, and at what grade, are details with which we have nothing to do at present, and that the plaintiff cannot dictate or determine.

The judgment is affirmed, with costs.

All concurred.

Judgment affirmed, with costs.