In the Matter of the Application of SETH LOW et al., Constituting the Board of Rapid Transit Railroad Commissioners of the City of New York, for the Appointment of Commissioners of Appraisal.

THE PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT OF THE STATE OF NEW YORK et al., Appellants; HANNAH G. MYNDERSE, as Executrix of WILHELMINUS MYNDERSE, Deceased, et al., Respondents.

In the Matter of the Application of SETH LOW et al., Constituting the Board of Rapid Transit Railroad Commissioners of the City of New York, for the Appointment of Commissioners of Appraisal.

THE PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT OF THE STATE OF NEW YORK et al., Appellants; MARY K. PACKER et al., Respondents.

Rapid Transit Act — condemnation proceedings — costs.

1. No authority is found in the Rapid Transit Act (L. 1891, ch. 4; amd. L. 1894, ch. 752), which prescribes a complete plan and course of procedure for condemnation proceedings instituted thereunder, for the allowance of costs and disbursements to property owners,

nor is there anything in section 998 of the charter of the city of New York (L. 1901, ch. 466; amd. L. 1904, ch. 736) which would permit of such allowance.

2. The fact that the Rapid Transit Act refers to provisions of the Code of Civil Procedure concerning condemnation proceedings does not authorize an inference that said two statutes are to be treated as related enactments and that, therefore, the provisions of the Code with reference to costs may be applied to proceedings instituted under the Rapid Transit Act.

3. Nor can it be held that the failure of the act to provide directly or indirectly for the allowance of costs and disbursements in such proceedings involves a violation of the Constitution, especially in view of the fact that section 3240 of the Code of Civil Procedure, containing a general provision for the allowance of "costs in a special proceeding, instituted in a court of record, * * * where the costs thereof are not specially regulated in this act," applies to condemnation proceedings under the Rapid Transit Act, in the absence of some other controlling provision. (*Matter of City of Brooklyn*, 148 N. Y. 107, approved.)

*Matter of Low*, 151 App. Div. 572, 922, modified.

(Argued February 24, 1913; decided March 25, 1913.)

APPEAL in the first above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1912, which affirmed an order of Special Term allowing to respondents certain "costs as taxed by the court," and also additional amounts by way of special or extra allowances for counsel fees and disbursements incidental to an award of damages sustained by the construction and operation of the subway under Joralemon and other streets.

Appeal in the second above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 15, 1912, which affirmed an order of Special Term allowing taxable costs and additional allowances for counsel fees and disbursements in a similar proceeding.

The facts, so far as material, are stated in the opinion.

*Archibald R. Watson,* Corporation Counsel (*Clarence L. Barber, Terence Farley, Charles D. Olendorf* and *Joel J. Squier* of counsel), for appellants.   No authority exists in the Code for the granting of costs and allowances in this proceeding.   (*Matter of City of Brooklyn,* 148 N. Y. 107; *Matter of Low,* 103 App. Div. 530; *Manhattan Ry. Co.* v. *McKee,* 1 App. Div. 488; *Matter of State of New York,* 152 App. Div. 633; *People* v. *A. L. & T. Co.,* 150 N. Y. 117; *Matter of City of Brooklyn,* 88 Hun, 176; *Matter of Grade Crossing Comrs.,* 20 App. Div. 271; *Matter of Holden,* 126 N. Y. 589; *Matter of City of New York,* 125 App. Div. 219; 192 N. Y. 569.)

*I. N. Sievwright, Frederick B. Campbell, George W. Hinckley* and *Charles W. West* for respondents in first proceeding.   The Constitution requires payment of costs and allowances for counsel fees.   (*Matter of Grade Crossing Comrs.,* 6 App. Div. 327; *Matter of R. T. R. R. Comrs.,* 197 N. Y. 81; 128 App. Div. 103; *M. N. Co.* v. *United States,* 148 U. S. 312; *Genet* v. *City of Brooklyn,* 99 N. Y. 296; *U. S.* v. *Dumplin Island,* 1 Barb. 24; *Epling* v. *Dickson,* 170 Ill. 329; *Dolores Land & Canal Co.* v. *Hartman,* 17 Col. 138; *City & County of San Francisco* v. *Collins,* 98 Cal. 259; *Stolz* v. *Milwaukee & L. W. R. Co.,* 113 Wis. 44; *Sun Pub. Assn.* v. *Mayor, etc.,* 8 App. Div. 230.)   The legislature intended to and did provide for payment of costs and allowances.   (*Matter of Gilbert El. Ry. Co.,* 70 N. Y. 361; *Matter of R. T. R. R. Comrs.,* 197 N. Y. 81; *County of Orange* v. *Ellsworth,* 98 App. Div. 275; *Matter of City of Brooklyn,* 148 N. Y. 107; *Matter of Grade Crossing Comrs.,* 20 App. Div. 271; *Matter of R. T. R. R. Comrs.,* 117 App. Div. 160; 104 App. Div. 468.)

*I. N. Sievwright* for respondents in second proceeding.   The provisions of the Condemnation Law of the Code authorize the granting of costs and allowances to the owner, and are made applicable to these proceedings.

(Code Civ. Pro. § 3372; *Matter of City of Brooklyn*, 148
N. Y. 107; *Matter of R. T. R. R. Co.*, 117 App. Div. 161.)
The Rapid Transit Act is a violation of the constitutional
rights of property owners if it fails to provide for just
compensation for property taken.   (*Matter of City of New
York*, 125 App. Div. 219; 192 N. Y. 569.)

HISCOCK, J.   In 1903 proceedings in each of the above-
entitled matters were instituted by the petitioners under
the so-called Rapid Transit Act (Laws of 1891, chapter 4),
as amended from time to time, to acquire certain prop-
erty, easements and rights in and through Joralemon
street and other streets and avenues for the purpose of
constructing underground tunnels.   The proceedings
were directed in part against the property owners who
now are respondents, or whose interests in case of death
are represented by respondents, on these appeals, and on
the conclusion of said proceedings in the Supreme Court
an order was made allowing said property owners costs
" as taxed " and also various amounts by way of additional
allowance for counsel fees and disbursements.   The only
question presented on these appeals concerns the power of
the court to award and allow such costs and disbursements;
if it possessed the power no complaint is made concerning
the manner and extent in and to which it exercised it.

By amendment to the original Rapid Transit Act, espe-
cially as made by chapter 752 of the Laws of 1894, pro-
vision was made for the acquisition by the city of New
York acting through its board of rapid transit commis-
sioners by condemnation proceedings of such property,
easements and rights as might be necessary for the con-
struction of additional railway facilities as . outlined by
said legislation.   The provisions added to and incorpo-
rated in said act upon this subject prescribed a complete
plan and course of procedure for such condemnation pro-
ceedings from the commencement to the end and while in
some respects they were similar to the provisions of the

Code covering the subject of condemnation, in many others they were substantially if not radically different therefrom.

It is or must be conceded that costs cannot be allowed by the court in condemnation proceedings unless some statutory authority is found therefor, and however much we may sympathize with counsel for the respondents in their claim that their clients are equitably entitled to such costs in these very important proceedings, we have been unable to find any such statutory authority although following with diligence the attempts of counsel to point out the same.

Naturally we should expect that if the legislature intended to allow costs and disbursements to property owners in these condemnation proceedings it would make some direct provision therefor in the statute under which the proceedings were being prosecuted. It has, however, been decided by this court in these proceedings that no such authority is found in the Rapid Transit Act and, therefore, we need spend no time in searching the statute therefor. (*Matter of Rapid Transit R. R. Commrs.*, 197 N. Y. 81.)

It is urged, however, that the Greater New York charter contains provisions permitting the award of costs in condemnation proceedings instituted in behalf of the city which are broad enough to cover the ones before us and the attempt is made to support this claim by special reference to chapter 736 of the Laws of 1904, whereby is amended section 998 of said charter. We are, however, utterly unable to make that section either as then or thereafter amended answer any such purpose. In the first place it is found in a title relating to the acquisition of property for purposes other than those involved here by proceedings provided for in the statute of which said section is a part, and cannot be applied to these proceedings. In the second place, said section when read in the light of the preceding ones even if applicable to these proceedings would

not by any reasonable construction justify an allowance of costs to these respondents.

In the next place, it is urged that said Rapid Transit Act by reference to provisions of the Code of Civil Procedure concerning condemnation proceedings authorizes the inference that said two statutes are to be treated as related enactments and that, therefore, the provisions of the Code with reference to costs may be applied to proceedings instituted under the Rapid Transit Act.

Only two citations of references in the Rapid Transit Act to the provisions of the Code are made in support of this contention which require any comment whatever.

It is pointed out that under section 23 of said act it is provided that the private corporations by whom it was originally contemplated that the subways would be built might acquire necessary property and easements by means of condemnation proceedings prosecuted in accordance with the provisions of the Code. It is obvious that this provision is not of the slightest help to the respondents in this matter for as has already been pointed out the proceedings in question were prosecuted in behalf of the city under sections adopted some time after the original act was passed and which provide a complete plan independent of the Code for condemnation proceedings instituted by the city.

The second citation is of section 44 of the Rapid Transit Act which provides that in proceedings instituted in behalf of the city notice of intention to make application for the appointment of commissioners may be given either by notice published in the newspapers, or, in the discretion of the corporation counsel, by service of a petition and notice to be made in the manner prescribed by section 3362 of the Code relating to service of similar papers in condemnation proceedings. It would be fanciful to hold that by such regulation of a single step in proceedings under the Rapid Transit Act by reference to a Code provision regulating a similar step in general condemnation

proceedings, the latter law was so incorporated into the Rapid Transit Act as to govern the subject of costs.

Thus it comes to this, that if we apply the Code provisions with reference to costs to the present proceedings instituted under the Rapid Transit Act, we shall be obliged, without any statutory authority therefor, to say that the provisions of the general statute providing for condemnation proceedings are applicable to proceedings instituted under a subsequent statute providing a complete scheme for the prosecution of condemnation proceedings for a special purpose and containing sections covering this very subject of costs. Such a decision, in my opinion, would be opposed both to reason and authority. (*Matter of City of Brooklyn*, 148 N. Y. 107; *Fulton* v. *Krull*, 200 N. Y. 105, 109.)

It is urged by way of argument that if the Rapid Transit Act does not provide directly or indirectly for the allowance of such costs and disbursements as have been awarded in these matters, it does not provide for due compensation to the property owners who have been compelled to yield their property in condemnation proceedings, and is, therefore, unconstitutional. While, as I have indicated, it may very forcibly be argued that the legislature justly should make provision for such allowances, I do not think that we can hold that its failure so to do involved a violation of the Constitution, especially in view of the application of section 3240 of the Code next to be considered. The contrary has of necessity been held in *Matter of City of Brooklyn* (*supra*) and *Matter of Low* (103 App. Div. 530).

This leaves us to consider simply whether the court had the power to award to the respondents taxable costs under section 3240 of the Code. This section contains a general provision that " Costs in a special proceeding, instituted in a court of record, * * * where the costs thereof are not specially regulated in this act, may be awarded to any party, in the discretion of the court, at the rates

allowed for similar services, in an action brought in the same court, * * * and in like manner."

Beyond any question these proceedings were special proceedings, and in the absence of some other controlling provision, I see no reason why the section in question does not apply. This view was entertained by the court in *Matter of City of Brooklyn (supra)*, and commends itself to our approval in the present proceedings. I am not able to ascertain with any certainty, either from the briefs or from the orders appealed from, whether the court did allow such costs, but am led to infer that it did.

In accordance with these views, the orders appealed from should be modified by striking out all allowances for counsel fees and disbursements other than those which have been allowed by the court under and in accordance with the section of the Code just referred to, and as so modified affirmed, without costs to any party as against the other.

CULLEN, Ch. J., WERNER, CHASE, COLLIN and HOGAN, JJ., concur; WILLARD BARTLETT, J., concurs in result.

Ordered accordingly.