## In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.　May 29, 1914.)

1. EMINENT DOMAIN (§ 167*)—PROCEEDINGS—STATUTORY PROVISIONS.

Under Code Civ. Proc. § 3383, which excepts from repeal the laws providing for the condemnation of real property by the city of New York, proceedings for the condemnation by that city of property for a subway are to be brought under the Rapid Transit Act (Laws 1909, c. 498), and not under the Code of Civil Procedure.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 451–456; Dec. Dig. § 167.*]

2. EMINENT DOMAIN (§ 169*)—PROCEEDINGS—CONDITIONS PRECEDENT.

The requirement of Rapid Transit Act (Laws 1909, c. 498) § 6, that the Public Service Commission shall prepare detailed plans and specifications for the construction of a rapid transit railroad does not make the completion of such plans and specifications a condition precedent to the condemnation of property for the railroad.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 461; Dec. Dig. § 169.*]

3. EMINENT DOMAIN (§ 66*)—NECESSITY FOR TAKING—LEGISLATIVE QUESTION —EXTENT OF INTEREST.

The construction of a rapid transit subway is a public use, and therefore the question whether it is necessary to take the fee, or only an easement in land required for such purpose, is exclusively a legislative question, and the commissioners' determination cannot be reviewed by the courts.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 165–167; Dec. Dig. § 66.*]

Appeal from Special Term, Kings County.

Proceedings by the City of New York to acquire premises along Nostrand avenue. From orders overruling the objections of Charles G. Reynolds, Incorporated, to the petition for the appointment of commissioners and appointing the commissioners, the objector appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Meier Steinbrink, of Brooklyn, for appellant.

Charles J. Nehrbas, of New York City (Terence Farley, of New York City, on the brief), for respondent.

RICH, J. [1] The contention of the appellant is based largely upon the requirements of the provisions of the Code of Civil Procedure, relating to proceedings for the condemnation of real property, while this proceeding is under the provisions of the Rapid Transit Act (Laws 1909, c. 498), and is to acquire property for the public use by and in behalf of the city of New York, and the title to the real property to be acquired vests in such city, and the provisions of the Code of Civil Procedure do not apply to this proceeding. Code Civil Procedure, § 3383; Matter of Low, 208 N. Y. 25, 101 N. E. 706; Matter of City of Buffalo, 189 N. Y. 163, 169, 81 N. E. 954.

The allegation of the petitioner, which is not controverted, is that a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract for the operation of the road has been made, and the memorandum attached to the maps and plans meets with the requirements of section 39 of the Rapid Transit Act, and consequently there is no force to the objection that the petition does not show that a contract for the construction of the railroad had been made.

[2] While section 6 of said act requires the Public Service Commission to prepare detailed plans and specifications for the construction of a rapid transit railroad in accordance with the general plan of construction, it is not necessary to allege the completed preparation of such plans, for the reason that the acquisition of title is not made contingent upon completed preparation. It appeared on the hearing that such plans were in process of preparation.

[3] The appellant contends that it was incumbent upon the petitioner to establish, upon the hearing, by a preponderance of evidence, that the land proposed to be acquired was absolutely necessary for public use, and that until it had so established such necessity commissioners could not legally be appointed. In this contention the appellant is in error. The use for which the property is to be acquired is the construction and operation of a rapid transit subway, which the Court of Appeals in Sun Publishing Ass'n v. Mayor, 152 N. Y. 257, 46 N. E. 499, 37 L. R. A. 788, held to be a public use. The case comes within the rule that where the use to which the land is to be put is public, the Legislature or the instrumentality which it employs (in the case under consideration the Public Service Commission) is the sole judge of the necessity (In the Matter of William A. Fowler, 53 N. Y. 60, 62; Matter of Deansville Cemetery Ass'n, 66 N. Y. 569, 23 Am. Rep. 86; People ex rel. Ithaca v. D., L. & W. R. R. Co., 11 App. Div. 280, 284, 42 N. Y. Supp. 1011, affirmed 159 N. Y. 545, 54 N. E. 1093; Matter of City of New York, 116 App. Div. 801, 102 N. Y. Supp. 116); consequently the question of whether the fee, or an easement in the property, should be taken is a legislative, and not a judicial question. And, the commissioners having determined that it is necessary to acquire the property in fee simple, we cannot review their determination. People v. Fisher, 116 App. Div. 677, 686, 101 N. Y. Supp. 1047, affirmed 190 N. Y. 468, 479, 83 N. E. 482.

The order must be affirmed, with $10 costs and disbursements.

JENKS, P. J., and THOMAS and CARR, JJ., concur. BURR, J., not voting.