In the Matter of the Application of JOSEPH P. BICKER-
TON, JR., et al., as Executors under the Will of WILLIAM
HARRIS, Deceased, Respondents.

NEW YORK THEATRE COMPANY, Appellant.

**Stock corporations — proceeding for appraisal of value of
stock owned by stockholders refusing consent to proposed
sale of corporate property — order appointing appraisers
interlocutory — final order to be made upon motion to con-
firm or reject report of appraisers — proceedings of appraisers
subject to review — order denying motion to set aside or
modify report reviewable by Court of Appeals only where
specific questions are certified under Code Civ. Pro. § 190,
subd. 2.**

1. Mere juxtaposition of words, grammatical construction of a sen-
tence, punctuation and the ordinary meaning of a word must give way
to what upon the whole is a reasonable construction of a statute.

2. Under section 17 of the Stock Corporation Law (Cons. Laws,
ch. 59) providing that any stockholder not voting in favor of a
proposed sale or conveyance of property of a stock corporation,
approved by owners of two-thirds of the stock, may apply to the
Supreme Court for the appointment of appraisers to determine the
value of the stock, an order appointing such appraisers is not a final
order in the proceeding, but the final order should be made after the
appraisers have acted, on a motion to confirm or reject their report,
on which motion the proceedings of the appraisers would be subject
to review. (*Matter of Seaich*, 219 N. Y. 634, distinguished.)

1

3. An order denying a motion to set aside or modify the report of appraisers appointed pursuant to section 17 of the Stock Corporation Law, which did not finally pass upon the action of the appraisers and confirm their report, is not a final one and no appeal will lie to this court from an order of the Appellate Division dismissing an appeal from said order unless permission be given under subdivision 3 of section 190 of the Code of Civil Procedure certifying specific questions to be answered.

*Matter of Bickerton*, 196 App. Div. 231, appeal dismissed.

(Argued June 2, 1921; decided October 11, 1921.)

APPEAL, by permission, but without certification of questions, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1921, which unanimously dismissed an appeal from an order of Special Term denying a motion to set aside or modify the report of appraisers appointed under section 17 of the Stock Corporation Law to appraise the value of certain shares of the capital stock of the appellant herein, held by the respondents.

*Clarence J. Shearn* for appellant. The order of the Appellate Division dismissing the appeal is appealable to the Court of Appeals. (*Matter of City of New York*, 216 N. Y. 489; *Matter of De Camp*, 151 N. Y. 557; *King* v. *Mayor, etc.*, 36 N. Y. 182.) The Supreme Court has jurisdiction to vacate, set aside or modify the report of appraisers appointed by it pursuant to section 17 of the Stock Corporation Law, for manifest error or mistake, or where it appears that the award is based upon a fundamentally erroneous theory. (*Matter of Steinway*, 159 N. Y. 250; *Lawton* v. *Comrs. of Highways*, 2 Caines, 180; *Matter of Cardiff Bridge*, 1 Salk. 146; *Broadhurst* v. *S. W. Turnpike Co.*, 16 Johns. 8; *Lynde* v. *Noble*, 20 Johns. 80; *Le Roy* v. *Mayor, etc.*, 20 Johns. 430; *Matter of Kingsbridge Road*, 4 Hun, 599; *Matter of Canal & Walker Streets*, 12 N. Y. 406; *Matter of N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 60; *Matter of Mayor, etc.*, 49 N. Y. 150.)

*Joseph P. Bickerton, Jr., Philip Wittenberg* and *Sidney R. Fleisher* for respondents.  The order appealed from not being one which finally determined an action or special proceeding, and the Appellate Division having failed to formulate and certify questions of law which ought to be reviewed, this court has not acquired jurisdiction and should dismiss the appeal.  (*Matter of Small,* 158 N. Y. 129; *City of Johnstown* v. *Wade,* 157 N. Y. 59; *Van Ardsdale* v. *King,* 155 N. Y. 325; *Schieffelin* v. *Hylan,* 229 N. Y. 633.)  There is no authority for action by Special Term on the report of the appraisers. The proceedings to obtain such action were nugatory. The appeal from the orders made in those proceedings was properly dismissed.  (*Matter of Timmis,* 200 N. Y. 177; *Dudley* v. *Mayhew,* 3 N. Y. 9; *J. & S. P. R. Co.* v. *Morley,* 23 N. Y. 552; *Matter of Drosnes,* 187 App. Div. 425; *Matter of Rowe,* 107 Misc. Rep. 549; *Crane* v. *Hahlo,* 228 N. Y. 309; *People ex rel. Swift* v. *Luce,* 204 N. Y. 478; *Matter of S. B. R. R. Co.,* 143 N. Y. 253; *Matter of Prospect Park & Coney Island R. R. Co.,* 85 N. Y. 489; *Matter of Commissioners of Central Park,* 50 N. Y. 493–497; *Lennon* v. *Mayor, etc., of New York,* 55 N. Y. 361.)

HISCOCK, Ch. J.   Section 16 of the Stock Corporation Law (Cons. Laws, ch. 59) provides, in substance, that a stock corporation, except a railroad corporation, with the consent of two-thirds of its stock may sell and convey its property or any part thereof to a domestic corporation engaged in a business of the same general character. Section 17 of said law provides: " If any stockholder not voting in favor of such proposed sale or conveyance shall at such meeting, or within twenty days thereafter, object to such sale, and demand payment for his stock, he may, within sixty days after such meeting, apply to the Supreme Court at any special term thereof held in the district in which the principal place of business of such corporation is

situated, upon eight days' notice to the corporation, for the appointment of three persons to appraise the value of such stock, and the court shall appoint three such appraisers, and designate the time and place of their proceedings as shall be deemed proper, and also direct the manner in which payment for such stock shall be made to such stockholders. The court may fill any vacancy in the board of appraisers occurring by refusal or neglect to serve or otherwise. The appraisers shall meet at the time and place designated, and they or any two of them, after being duly sworn honestly and faithfully to discharge their duties, shall estimate and certify the value of such stock at the time of such dissent, and deliver one copy to such corporation, and another to such stockholder, if demanded; the charges and expenses of the appraisers shall be paid by the corporation. When the corporation shall have paid the amount of such appraisal, as directed by the court, such stockholder shall cease to have any interest in such stock and in the corporate property of such corporation and such stock may be held or disposed of by such corporation."

The appellant, New York Theatre Company, a domestic corporation organized to conduct an amusement business, owns a large amount of valuable real estate in the city of New York which it desires to sell to another corporation of the same general character as itself. At a meeting duly called, holders of more than two-thirds of its capital stock consented to such sale but respondents and some other stockholders objected to and voted against the sale and thereafter and within the time specified by section 17 above quoted, respondents applied to the Supreme Court for an order appointing appraisers to value their stock, designating the time and place of their proceedings and directing the manner in which payment for such stock should be made. An order was made in accordance with the prayer of their petition, and thereafter three appraisers were appointed who proceeded to consider the value of

the stock.  Witnesses were sworn and much evidence taken and thereafter majority and minority reports were made in triplicate, one of each being given to each of the parties, and the third with the evidence which had been taken filed in the clerk's office.  Thereafter a motion was made by the appellant on exceptions which had been taken to the majority report to set aside or modify the same on the ground that serious errors had been made by the appraisers, joining in said report, to the great damage of a pellant.  This motion was denied by the Special Term and an appeal therefrom was dismissed by the Appellate Division on the general ground that the report of the appraisers was final and not in any manner subject to review or confirmation by the court.  We do not understand that this decision indicates the view that the action of the appraisers might not be set aside for fundamental reasons such as lack of jurisdiction, fraud or willful misconduct of which a court of equity might take cognizance, but only that the court may not review it for correction of ordinary errors of law or fact and to which class the alleged errors complained of by appellant undoubtedly belong.

Thus, the broad question presented by the order of the Appellate Division and the discussion of counsel upon this appeal becomes the one whether the order appointing the appraisers is the final one in such a proceeding as this or whether there should be a subsequent order based upon a review of the action of the appraisers and, if confirming the same, finally directing purchase by the corporation of the stock of its dissenting stockholders.  We feel that we ought to consider this question in view of its importance and of the careful consideration given both by the Appellate Division and by counsel, although this particular appeal might be disposed of upon a technical ground hereafter to be stated.

The question which we have suggested of course involves interpretation of the section of the Stock Corporation

Law which we have quoted and, while the solution is not free from difficulty, we are inclined to think that under a reasonable interpretation of that section the order appointing appraisers was not a final order but that such final order would be made after the appraisers had acted and on a motion for confirmation of their report.

In attempting the proper construction of the legislative enactment, the nature and purpose of the proceeding for which it was providing are considerations of importance as calculated to throw light upon the meaning of the provisions which were adopted.

The proceeding provided for is a special proceeding and the termination of a special proceeding is an order which passes upon the prayer of the petition and finally determines the rights of the parties. The nature of this final order must be determined by consideration of the ultimate relief which the petition seeks and which the order must grant or deny. The ultimate relief which a petitioner seeks under this statute is a direction of the court compelling the corporation upon certain facts alleged in the petition to purchase his stock at a valuation fixed by appraisers. The appointment of appraisers is not naturally or on comparison with other analogous statutes a final disposition of his petition; it is in its nature an intermediate order for proceedings which may properly become the basis for final action by the court. This statute is certainly an anomaly if it means that in the disposition of property rights the order which appoints appraisers in effect requires acceptance of their action in advance and without any regard to the errors which may impair its correctness and justice.

We must assume that the legislature fully appreciated the character of the proceeding which it was providing for, the procedure commonly followed in such proceedings, and the principle fundamental in our jurisprudence that property rights shall not be disposed of except upon competent evidence. And especially we must assume that

the legislature had in mind that ordinarily the action of inferior and quasi judicial bodies, such as the appraisers under this statute were, is subject to review, and that whenever it has been the legislative purpose to withdraw such action from review and make it conclusive, this purpose has been clearly expressed.   The latest illustration of this principle before this court was the statute providing that the action of the board for the revision of assessments in the city of New York should be final in fixing damages caused by a change of street grades. Allowance of such damages was a new form of relief just as the present proceeding is, and we held that the legislature had the power to send such a question to a board for determination and to make its action final as in that case it had in express language done.   (*People ex rel. Crane* v. *Hahlo,* 228 N. Y. 309.)

When in the light of these considerations we approach the interpretation of the section it is at once apparent that it is incomplete and that we must give it a liberal interpretation to the end of accomplishing its undoubted purpose, and that beyond question some provisions must be implied.

We search in vain for any express and definite provision authorizing an order compelling the corporation to pay the appraised value and take up the dissenting stock.   It is merely enacted that " When the corporation shall have paid the amount of such appraisal, as directed by the court, such stockholder ·shall cease to have any interest," etc.   And yet there is no doubt that the purpose of the statute is to force the corporation to take up the stock, and that somewhere the court would be justified in making that order.   Such direction would seem to be the final order.

Again, a stockholder only under certain conditions is permitted to apply to the court in proceedings to compel the purchase of his stock.   If those conditions do not exist he is not entitled to relief.   There can be no doubt that

on the return of his petition the corporation would be entitled to disprove, if it could, the existence of the necessary requirements for relief, and yet this right must be wholly implied. There ·is not a word in the statute expressly securing it.

Then pursuing the subject we are convinced that other implications fairly, even though some of them less obviously, must be made.

The statute requires that the appraisers shall be " duly sworn honestly and faithfully to discharge their duties, shall estimate and certify the value of such stock at the time of such dissent." We think that it is fairly to be implied that as a means of discharging their duties and appraising the value of the stock, competent evidence should be taken and a record thereof preserved. We are unable to accept the view of the Appellate Division that this statute means as stated by that court that the appraisers might upon their own inspection, judgment and view determine the value of stock which might run into hundreds of thousands of dollars. No case has been called to our attention or can be thought of where a statute has been interpreted to provide that property rights might be disposed of in a judicial proceeding like this except upon legal evidence duly taken, and we cannot believe that it was the intention of the legislature in this proceeding to revolutionize fundamental principles, and permit it to be conducted in some haphazard method devised by inexperienced or experimentally inclined appraisers which would leave no trace of the path by which they reached their conclusion and which would permit no correction of errors however grievously they might wander from a proper course of consideration. The conduct of the appraisers in this case where witnesses were duly sworn and evidence taken and filed in the county clerk's office is a very practical illustration of the way in which persons would naturally interpret the statute in this respect.

Still further by implication the Supreme Court retained jurisdiction of this proceeding after the appointment of the appraisers for certain purposes. It was required to fill any vacancy in the office of appraiser which might occur by resignation or refusal to act. It necessarily, although not so expressly stated, was required in case of dispute to fix the fees and expenses of the appraisers which were required to be paid by the corporation. No other method is suggested by which this can be done. It was required to prescribe the manner in which payment for the stock should be made. It has been assumed that this direction should be contained in the order appointing the appraisers but we do not think that the statute reasonably is thus to be interpreted. The mere fact that the court is to prescribe the manner in which payment shall be made indicates that some discretion should be exercised in making the direction. It very well may be that a corporation required to pay hundreds of thousands of dollars in taking up stock of dissenting stockholders should be given more time and different conditions of payment than a corporation which was required to advance only a small sum of money for this purpose. There would be no definite fixation of the amount to be paid until after the appraisers had valued the stock which was to be taken up, and we think that the statute with perfect fairness and reason may be interpreted as meaning that this direction for payment shall be made by the court after the appraisers have completed their valuation, and when for the first time it can be done intelligently. It is true that the location of the sentence covering this detail is such that it might be inferred that it was to be included in the order appointing appraisers, but it is a familiar principle that mere juxtaposition, grammatical construction of a sentence, punctuation and the ordinary meaning of a word must give way to what upon the whole is a reasonable construction of a statute.

And thus we come to the final and precise query

whether the statute is to be construed as requiring the court to pass upon the report of the appraisers and confirm or reject the same. This question is largely answered by what has already been said. If we are right in our view that the report is to be based upon evidence and returned with the report of the appraisers, that the manner of payment is to be fixed by the court after it knows what the amount will be, and that in accordance with orderly and ordinary procedure a final order is to be made terminating the special proceeding the answer to our final query is not doubtful. Of course before a court made a final order directing payment in accordance with the report of the appraisers it would as a matter of incidental power and inherent duty examine the proceedings of the appraisers and determine whether they had been so in accordance with the principles governing such a proceeding that they ought to be approved and confirmed. It is our conclusion that they would be thus subject to review on a motion to confirm or reject.

In reaching this conclusion we assume the correctness of the view which has been expressed that the legislature in permitting a corporation to sell its property, as this corporation desires to do, has the right to impose as a condition that it should purchase the stock of objecting stockholders at a value to be fixed in a certain manner and that such manner might exclude review by the Supreme Court of the action of appraisers appointed for that purpose. But that does not answer the question before us. The legislature might do this, but the question is whether by the statute under review it did do it.

We do not regard our decision in *Matter of Seaich* (219 N. Y. 634, affirming without opinion 170 App. Div. 686) as at all decisive of the question which we have discussed. If that decision had passed upon the question whether the action of appraisers there involved was subject to review by the court, we do not think it could be distinguished from the present case because of the slight

difference in wording between the statute now before us and section 8 of the Business Corporations Law (Cons. Laws, ch. 4) there under consideration. Stress is placed upon the fact that in the latter statute it is provided that the court in a proceeding similar to the present one shall appoint appraisers, designate the time and place of their first meeting, " with such directions in regard to their proceedings as shall be deemed proper," and it is thought that the words which have been quoted would somehow· enable the court to require confirmation of the report of the appraisers as was in fact provided in the order made in that proceeding. We are not able to accept this view. If it was the general intent and purpose of the Business Corporations Law that the action of the appraisers should be final and not subject to review we do not think that the language permitting the court to give directions in regard to their proceedings would enable it to overturn this· fundamental purpose and intent. The language would be construed as enabling the court to give directions in regard to the details of their proceedings.

This court, however, did not at all consider the question now under discussion. Assuming to act under the language of the statute, the court in its order appointing appraisers did in effect provide that their report should be subject to confirmation. No appeal was taken from this provision and, without objection, all parties to the proceeding assumed that this might be done and when the case reached this court no consideration whatever was given by counsel to the question whether such direction was proper. Under such circumstances this court naturally was not led to consider the question but accepted the views which were adopted and acted upon by counsel without any question or doubt whatever.

While, as we have indicated, we think that the appellant is right in his general contention that the action of the appraisers appointed under this statute is subject to review by the court, we do not think that this particular

appeal will lie.  As we construe it, the motion made by the appellant was not one involving the ordinary question of confirmation or not of such a report but rather a motion claimed to rest upon those fundamental grounds upon which appeal might be made to a court of equity. At least the order which was made denying this motion did not finally pass upon the action of the appraisers and confirm their report.  In this respect it differs from the order in the *Seaich* case where the order expressly confirmed the report of the appraisers and thus became a final order.  At best the present order was not a final one, — that still remains to be made — and in such a case no appeal will lie to this court from the order of the Appellate Division unless permission be given under subdivision 3 of section 190 Code of Civil Procedure certifying to us specific questions to be answered.  This was not done and, therefore, the appeal must be dismissed, with costs.

HOGAN, MCLAUGHLIN and ANDREWS, JJ., concur; CARDOZO, POUND and CRANE, JJ., vote to affirm decision of Appellate Division.

Appeal dismissed.