In the Matter of ARTHUR C. BAKER et al., Appellants,
Impleaded with Others.
CENTRAL NEW YORK POWER CORPORATION, Respondent.
In the Matter of ANNE W. CHENEY et al., Appellants.
CENTRAL NEW YORK POWER CORPORATION, Respondent.

Argued January 18, 1940; decided October 1, 1940.

*Henry T. Dorrance, Maurice Supiro* and *George H. Kenny* for appellants in first proceeding.

*Carl E. Dorr* for appellants in second proceeding.

*Thomas F. Fennell, II,* and *Myron G. Bronner* for respondent in first proceeding and *Thomas F. Fennell, II, Crandall Melvin* and *Jerome Cheney* for respondent in second proceeding.

FINCH, J. These are two cases in which the main question concerns the power of Special Term to award costs in an appraisal proceeding brought by dissenting stockholders to fix the value of their stock. (Stock Corporation Law [Cons. Laws, ch. 59], § 21.)

The Baker and the Cheney cases arise out of the consolidation of the Utica Gas and Electric Company and the Syracuse Lighting Company, Inc., respectively, together with other public utility companies, to form the respondent Central New York Power Corporation, hereafter referred to as the corporation. In the Baker proceeding, 123 separate petitions were made for the appointment of appraisers. All but three of the petitions were verified by one Grant as agent. Three of the petitions were verified by the stockholders themselves. The corporation interposed to each

petition verified by Grant, an answer which questioned the timeliness of the application, the ownership of the stock by petitioner, the authority of the agent, etc. Each answer requested that the petition be dismissed, with costs. After a hearing all applications were consolidated by the order which appointed the appraisers. In its opinion the court expressly reserved the question of costs until the conclusion of the entire proceeding; the order confirming the report of the appraisers also reserved the question of costs. Thereafter, by separate order, the court awarded costs as follows: $10 motion costs to each of the 123 petitioners (retaxed at $1,200); a single trial fee, including disbursements, of $101.40; an additional allowance of $2,000, pursuant to section 1513 of the Civil Practice Act.

Upon appeal by the corporation from the separate order awarding costs, the Appellate Division reversed upon the law, and certified to this court the question, " Is the order appealed from proper as matter of law? "

In the Cheney case thirty-three separate petitions were made for the appointment of appraisers, but no answers were interposed by the corporation. After appraisers were appointed, by separate orders in each of the thirty-three proceedings, the court, upon motion by the corporation, consolidated the proceedings, but made no award of costs at that time, nor reserved the question of costs. The report of the appraisers was confirmed by order of Special Term over the opposition of the corporation and costs were awarded by the same order as follows: $10 motion costs to each of the thirty-three petitioners ($330); a single trial fee and disbursements ($327.27); an additional allowance of $2,000 pursuant to section 1513 of the Civil Practice Act.

Upon appeal by the corporation, the Appellate Division modified the order of confirmation by striking the award of costs. Petitioners appeal to this court as of right from that part of the order of the Appellate Division which disallowed costs.

We shall consider *first*, whether statutory provision exists for the award of costs in proceedings brought under section

21 of the Stock Corporation Law, and *second*, whether the specific items of costs were properly awarded by Special Term.

*First.* Whether costs are allowable in a proceeding under section 21 of the Stock Corporation Law. Section 1492 of the Civil Practice Act provides that costs in a special proceeding are to be awarded in the discretion of the court at the same rates and in like manner as are allowed for similar services in an action. Thus, the court is given power in its discretion to award costs in a special proceeding. It is conceded by respondent corporation that a proceeding under section 21 of the Stock Corporation Law is a special proceeding and, therefore, the parties in the cases at bar may have costs in the discretion of the court. Even in the absence of such a concession, the conclusion is inevitable in view of the statutory definitions of a special proceeding (Civ. Prac. Act, §§ 4, 5; General Construction Law [Cons. Laws, ch. 22], §§ 11-a, 46-a) and the holding of this court that section 21 created a special proceeding. (*Matter of Bickerton*, 232 N. Y. 1.) It follows that costs are to be allowed in a stock appraisal proceeding in the same manner as in any special proceeding unless there is some provision which exempts stock appraisal proceedings from the operation of section 1492 of the Civil Practice Act. Admittedly, the result for which respondent corporation contends is not provided for by any express provision contained in section 21 of the Stock Corporation Law. Therefore, the question is whether section 21, when read as a whole, can be taken to evince a legislative intent to exclude the operation of section 1492 of the Civil Practice Act. We do not so read section 21. In enacting that statute, the Legislature authorized a type of special proceeding which has certain peculiar features of its own. For these features express provision was made. The expenses of the appraisers are to be borne by the corporation. But in so far as stock appraisal proceedings are similar to other special proceedings, it was unnecessary to repeat in section 21 the provisions already enacted in the general statutes. (Cf. *Matter of Bickerton, supra.*) When so read, section 21

of the Stock Corporation Law and section 1492 of the Civil Practice Act are found not to be inconsistent but to complement one another, each providing for matters not covered by the other.

In analogous cases the court has held that the absence of cost provisions in a particular statute creating a special proceeding does not prevent the award of costs under the general practice provisions relative to costs in a special proceeding even though the particular statute contains a provision for the payment of the fees and expenses of commissioners. (*Matter of Low*, 208 N. Y. 25; *Matter of City of Brooklyn*, 148 N. Y. 107; *Matter of State of New York*, 152 App. Div. 633; affd., 207 N. Y. 582.) In *Matter of Low* (*supra*) condemnation proceedings were brought under the Rapid Transit statute which provided for the payment of the fees and expenses of the commissioners, but was silent on the question of costs to be awarded to the parties. The Supreme Court awarded costs under the authority of section 3240 of the Code (now section 1492 of the Civil Practice Act), and this award was sustained on appeal, the court saying: " Beyond any question these proceedings were special proceedings, and in the absence of some other controlling provision, I see no reason why the section in question does not apply." (208 N. Y. at p. 32.)

Approaching the matter from the practical application of the result reached, we find that the purposes of the statute coincide with an award of costs to the successful party. As to dissenting minority stockholders, the purpose is apparent to protect them from any loss since this court has held that " In effect [they] are being ousted from the corporation." (*Matter of Fulton*, 257 N. Y. 487, 494.) In fact, for small stockholders the expense of an appraisal proceeding might be prohibitive in the event that they could recover no costs or disbursements. Only by the allowance of costs can the stockholder be indemnified to some extent against loss incident to the proceeding. On the other hand, the corporation representing the majority stockholders is entitled not to have persons bring appraisal proceedings free from

any liability for costs or disbursements. Indeed, in the Baker proceedings the respondent corporation in its answer requested that the petitions be dismissed, with costs. Unless there exists in the discretion of the court the power to award costs, neither the corporation nor the dissenting stockholders can be fully protected, and the purpose of the appraisal statute in that respect must fail.

*Second.* The particular items of costs. *Trial fee and disbursements.* A single trial fee and disbursements was allowed in each of the two consolidated cases, and no objection is raised except upon the general ground that no costs may be awarded in these proceedings. For the reasons already discussed, this item was properly allowed by Special Term. These were proceedings instituted and carried on to enforce a right. Aid of counsel was required, and the statute should not be so interpreted as to provide that property rights may be disposed of other than in a judicial proceeding upon the testimony of witnesses and upon legal evidence duly taken. (*Matter of Bickerton, supra.*) The fact that the issue was the value of the stock does not change or detract from the prosecution character of the proceedings. These petitioners prosecuted rights given them by section 21 of the Stock Corporation Law to have their stocks appraised and thereafter paid for by the corporation at the value so found. These values as found were above the values contended for by respondent corporation. It is clear, therefore, that petitioners have prosecuted their rights and have prevailed in the proceedings. The award of a trial fee was, therefore, proper.

*Motion costs.* Section 1486 of the Civil Practice Act provides that " Costs upon a motion in an action * * * or to appoint an appraiser * * * may be awarded, either absolutely or to abide the event of the action, * * * in the discretion of the court or judge." Respondent corporation contends that no motion costs can be awarded because (1) the motions are in a special proceeding and not in an action, (2) the applications are not motions, and (3) the order granting the applications did not award costs

The contention that motion costs are not available because they are special proceedings and not actions is completely answered by the provisions of section 1492, wherein it is provided that costs in special proceedings may be awarded in the discretion of the court in the same manner as in actions.

Section 113 of the Civil Practice Act defines a motion as follows: "An application for an order is a motion." That the order granting the petitions and appointing appraisers is an order cannot be doubted. "A direction of a court or judge, made in an action or *special proceeding*, must be in writing * * *. Such a direction, unless it is contained in a judgment, is an order." (Civ. Prac. Act, § 127.) In *Matter of Bickerton* (*supra*) this court declared that " The appointment of appraisers * * * is in its nature an intermediate order * * *." (232 N. Y. at p. 6.)

However, motion costs are to be allowed in the discretion of the court rendering decision on the motion. (Civ. Prac. Act, § 1486.) In disposing of the motion the court may award costs either absolutely, or the question of costs may be reserved; but unless either one of these two alternatives is adopted, it follows that the court has decided not to exercise its discretion in favor of the party seeking costs. (*Price* v. *Price*, 61 Hun, 604; *Nellis* v. *DeForrest*, 6 How. Pr. 413; *Chadwick* v. *Brother*, 4 How. Pr. 283; *Morrison* v. *Ide*, 4 How. Pr. 304.) In the Baker proceedings the court, in granting the motions, reserved decision on the question of costs, and hence their allowance at the conclusion of the entire case was proper. But in the Cheney proceedings the court neither granted costs nor reserved decision, and, therefore, no motion costs could be awarded by the court in rendering the final order in the proceedings.

*Additional allowance pursuant to section 1513 of the Civil Practice Act.* Section 1513 of the Civil Practice Act provides that " in a difficult and extraordinary case, where a defense has been interposed * * *, the court, in its discretion, also may award to any party a further sum * * *." By the terms of the statute, three conditions

must be met before the court may exercise its discretion to award an additional allowance, (1) a defense must have been interposed, (2) the case must have been difficult, and (3) the case must have been extraordinary. In *Standard Trust Co. v. N. Y. C. & H. R. R. R. Co.* (178 N. Y. 407) this court unanimously held that where in an action the defendant concedes the existence of the right of plaintiff to some recovery, and the only question which remains is a determination of the amount of damage, then the case is not a proper one for additional allowance. In the Cheney case no answer was interposed, and no defense was set up as to the right of petitioners to an appraisal. Thus, there is a lack of one of the three essential requirements, and hence there was no power in Special Term to award the additional allowance. Although an answer was interposed in the Baker case, the determination of the main question was no different from that in the Cheney proceeding. The difficulty of the contention of petitioners in the Baker case is that there has been no extraordinary and difficult trial of issues raised by the interposition of a defense. In establishing the three requirements for an additional allowance, the statute obviously contemplates that it will be awarded only where there has been a trial of the issues raised by the defense, and that the trial was extraordinary and difficult. In the Baker case the issues raised by the answer were tried before Special Term, and no suggestion is made that the trial of *these* issues was either extraordinary or difficult. It is contended that the hearings before the appraisers constituted a trial which warranted the additional allowance. However, at this stage of the proceeding the only question was one of valuation, and it was not a trial of issues raised by a defense. Petitioners argue that, because a defense was interposed, resulting in a trial at Special Term which was neither extraordinary nor difficult, such a defense would authorize the award of an additional allowance for the trial before the appraisers which did not concern issues raised by the defense which had been interposed. Assuming, but without deciding, that the trial conducted by the appraisers was extraor-

dinary and difficult, at this trial the issues were not those raised by the defense interposed by respondent corporation. The issues raised by the interposition of a defense by respondent corporation resulted in a trial which was not extraordinary or difficult. Petitioners, therefore, fail to establish the existence of a trial as to which all three requirements are present. Therefore, there is a failure to comply with the statutory requirements, and it follows that the court is without power to award an additional allowance. This item was improperly granted by Special Term.

In the Baker case the question certified to this court by the Appellate Division must be answered partly in the affirmative and partly in the negative, i. e., the allowance of motion costs and a single trial fee was proper as a matter of law, but the award of an additional allowance was improper as a matter of law, and the order of the Appellate Division is modified in accordance with this opinion, without costs in this court.

In the Cheney case the order of the Appellate Division is modified in accordance with this opinion and as modified, affirmed, without costs in this court.

The orders of the Appellate Division should be modified in accordance with this opinion and as so modified affirmed, without costs. The question certified in Matter of Baker should be answered as indicated in the opinion.

LOUGHRAN, J., concurs with FINCH, J.; RIPPEY and CONWAY, JJ., concur in result; LEHMAN, Ch. J., dissents and votes to affirm; SEARS and LEWIS, JJ., taking no part.

Ordered accordingly.