■ ALYCE BARDEL, Respondent, v VAIOS TSOUKAS et al., Appellants. [823 NYS2d 543]—

In an action, inter alia, for the return of a down payment on a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated March 31, 2005, which denied their motion to vacate a judgment of the same court dated September 28, 2004, or to set aside the award of motion costs and certain interest in the judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to set aside the award of motion costs in the judgment, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for entry of an appropriate amended judgment.

The plaintiff commenced this action, inter alia, to recover a $3,500 down payment she made on a contract for the sale of real property. By order dated January 4, 2002, the Supreme Court held that the contract was null and void, and directed the defendants to return the plaintiff's down payment and to reimburse her $350 for title costs. The defendants did not pay the ordered amounts, but appealed to this Court after purportedly

posting an undertaking. By decision and order dated March 3, 2003, this Court affirmed the Supreme Court's order (*see Bardel v Tsoukas,* 303 AD2d 344 [2003]). The plaintiff served the defendants with a copy of the decision and order of this Court with notice of entry, and sent a letter demanding the return of her down payment. However, the ordered payments were still not made. Consequently, the plaintiff entered a judgment on the January 4, 2002 order. However, when served with the judgment, the defendants still did not make the ordered payments, but rather made the motion at bar to vacate the judgment and to set aside the award of motion costs and certain interest in the judgment. The Supreme Court denied such relief. We modify only as to the issue of $100 in motion costs.

Contrary to the defendants' characterization both before the Supreme Court and on appeal, the judgment at issue is not a "default judgment." Thus, none of the arguments and analysis concerning the judgment are relevant. Indeed, with the exception of the argument concerning the award of motion costs, none of the defendants' arguments have merit. The defendants are correct that the award of motion costs by the court deciding the motion must be express (*see Matter of Baker,* 284 NY 1 [1940]; CPLR 8106). Here, given the absence of such an express award in an order deciding a motion, the Supreme Court erred in taxing motion costs in the judgment (*see Matter of Baker, supra;* CPLR 8106). Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.