In the Matter of the Application of ABRAHAM L. ERLANGER et al., Appellants and Respondents, for the Appointment of Appraisers.

NEW YORK THEATRE COMPANY, Respondent and Appellant.

**Stocks and stockholders — appraisal of value of stock of minority stockholders — power of court to correct award without sending proceeding back to appraisers — interest runs only from time of confirmation of award.**

1. In a proceeding for the appraisal of stock, under sections 16 and 17 of the Stock Corporation Law, the court may, on discovering a separate item of damages erroneously included in the award, with insufficient evidence to sustain it, correct the award by striking out the item erroneously included.

2. It is within the power of the Appellate Division to reject the evidence on a certain point as insufficient in law and correct the award accordingly. To send the proceeding back with directions to the appraisers to do what the court has done would be a useless superfluity.

3. It having been held by this court upon a former appeal (232 N. Y. 1) that a provision in the order appointing appraisers, that payment for the stock should be made within fifteen days after the filing of their report, should be disregarded for the reason that such direction should be made by the court only after the appraisers had completed their valuation, an allowance of interest on the award from fifteen days after the filing of the report was erroneous. The case does not involve a taking where interest from the time of taking is a part of the due compensation for the property taken. The stockholders' interest in the stock was taken and ceased only " when the corporation shall have paid the amount of such appraisal *as directed by the court.*" (Stock Corporation Law [Cons. Laws, ch. 59], § 17.) The first valid direction of the court as to the manner of payment was when the Special Term made its order confirming the report of the appraisers. As the statute is silent on the subject of interest, interest runs only from the time of confirmation of the award.

*Matter of Erlanger*, 206 App. Div. 148, modified.

(Argued November 20, 1923; decided December 4, 1923.)

CROSS-APPEALS from an order of the Appellate Division of the Surpeme Court in the first judicial department,

entered July 17, 1923, which modified and affirmed as modified an order of Special Term confirming the report of appraisers appointed to appraise the value of the stock of the petitioners in the New York Theatre Company.

*Joseph P. Bickerston, Jr., Philip Wittenberg* and *Sidney R. Fleisher* for petitioners, appellants and respondents. The appraisers' report is supported by the weight of competent evidence and is based upon correct legal principles. The court below erred in modifying it. (*Penn. R. R. Case,* 130 App. Div. 734; *Matter of Armory Board,* 73 App. Div. 152; *Matter of City of New York,* 56 Misc. Rep. 306.) The report having been based on the appraisers' view of the premises should not have been modified. (*Matter of Water Supply,* 129 App. Div. 711; *N. Y. C. & H. R. R. R. Co.* v. *Newbold,* 151 N. Y. Supp. 732; *Matter of Metropolitan Ry. Co.,* 76 Hun, 375; *Matter of Pearsall Street,* 135 N. Y. Supp. 763; *Matter of Crotona Park,* 142 App. Div. 665; *Matter of Croton Falls,* 129 App. Div. 707; *Matter of Clinton Avenue,* 185 N. Y. 601; *N. Y. Cent. R. R. Co.* v. *Untermeyer,* 117 N. Y. Supp. 443; 196 N. Y. 531; *Matter of Avenue C,* 151 App. Div. 83.) The Appellate Division erred in modifying the report of the appraisers. (*Manhattan Ry. Co.* v. *Comstock,* 74 App. Div. 341; *B. L. & R. Co.* v. *Philip,* 53 Misc. Rep. 315; *Matter of City of New York,* 40 App. Div. 281; *Matter of Armory Board,* 35 Misc. Rep. 548; *New York Cent. R. R. Co.* v. *Demproff,* 63 Misc. Rep. 211; *Matter of Avenue A,* 66 Misc. Rep. 488; *Matter of Redmond,* 105 N. Y. Supp. 936; *Matter of Board of Water Supply,* 81 Misc. Rep. 19; *Matter of Bensel,* 152 App. Div. 499; 207 N. Y. 686; *Matter of Public Service Comm.,* 92 Misc. Rep. 420; *Matter of Simmons,* 138 App. Div. 667.)

*Clarence J. Shearn* for New York Theatre Company, respondent and appellant. Upon a judicial review of the

1923.]            Opinion, per POUND, J.         [237 N. Y. 159]

proceedings and report of appraisers appointed under section 17 of the Stock Corporation Law, the court, on finding substantial errors of law or fact, has power to correct the errors by modifying the report of the appraisers and confirming same as modified. (*Pietraroia* v. *N. J. & H. R. Ry. & Ferry Co.*, 197 N. Y. 434; *Matter of Seaich*, 170 App. Div. 686; 219 N. Y. 634.) The petitioners were not entitled to interest upon the value of their stock, as found by the appraisers, prior to confirmation of the report and the entry of a final order fixing the sum to be paid and directing its payment. (*Hudson R. Tel. Co.* v. *City of New York*, 75 Misc. Rep. 266; 151 App. Div. 942; *Matter of White Plains Road*, 187 App. Div. 355; *Matter of East River Land Co.*, 206 N. Y. 545; *Matter of N. Y. El. Ry. Co.*, 44 Hun, 117; *Matter of Comrs. of Palisades Interstate Park*, 172 App. Div. 644.) The evidence, if examined, will be found such as not only to justify the Appellate Division in reducing the amount allowed for " plottage " from fifteen to ten per cent, but to have required such reduction. (*People ex rel. P., N. Y. & L. I. R. R. Co.* v. *O'Donnel*, 130 App. Div. 734.)

POUND, J. The minority stockholders of New York Theatre Company, objecting to a sale of the real estate of such corporation, applied to the Supreme Court for the appointment of appraisers to determine the value of their stock, under sections 16 and 17 of Stock Corporation Law. Appraisers were appointed and made their report. The company moved at Special Term for an order to modify or set aside the report. This motion was denied. On appeal to the Appellate Division the appeal was dismissed (*Matter of Bickerton*, 196 App. Div. 231) on the ground that the report of the appraisers was final and conclusive and that the court had no power to make an order in the premises. This court dismissed the appeal

11

(232 N. Y. 1) on the ground that the order was not a final order, but in a careful and comprehensive ópinion by HISCOCK, Ch. J., construed the statute generally and held that the action of the appraisers was subject to review by the court.

Petitioners thereupon moved to confirm the report. The Special Term granted the motion but denied their motion that they be awarded interest from July 30, 1920, fifteen days after the date of filing the report of the appraisers.

On appeal the Appellate Division modified the order, *first*, by reducing an additional allowance for plottage, and, *secondly*, by allowing interest on the amount of the award as demanded by the petitioners. Both parties thereupon appealed to this court.

The property is the block on the east side of Broadway between Forty-fourth and Forty-fifth streets. The valuation placed thereon by the appraisers was nearly $3,500,000. The building on the property was valued at $350,000. The valuation of the shares of the petitioners by the appraisers was $709,987.98. The difference between the total amount allowed by the appraisers and the amount allowed by the Appellate Division is $133,750. The interest involved on this appeal is six per cent on the valuation of petitioners' shares from July 30, 1920, to February 21, 1922, when the Special Term made its order of confirmation.

The first question which arises is as to the power of the court to correct substantial error by modifying the report of the appraisers and confirming the report as modified. The duty of the court was defined on the former appeal herein. It was to " examine the proceedings of the appraisers and determine whether they had been so in accordance with the principles governing such a proceeding that they ought to be approved and confirmed." (232 N. Y. 1, 10.)

The petitioners contend that as the court found that

the award was excessive, it should not have modified the report but should have sent the proceedings back to the appraisers for a reconsideration of the facts; that the petitioners were entitled, as the law required, to have the value of their shares determined, not by the court, but by the appraisers. Such is the general rule under Condemnation Law (§ 15, formerly Code Civ. Pro. § 3371) whereby the power of the court on a motion to confirm the report in condemnation proceedings is strictly limited, with due regard for the right of one whose private property is taken for public use to have his damages ascertained as provided by the Constitution of the state of New York, article I, section 7. In this proceeding, where the power of the court is not so delimited, it does not follow that the court may not, on discovering a separate item of damages erroneously included in the award, with insufficient evidence to sustain it, correct the award by striking out the item erroneously included.

We, therefore, pass to a consideration of the nature of the modification made by the Appellate Division. The appraisers plotted the land, valued the lots as plotted and the building thereon, and then added fifteen per cent to the value of the land for plottage. The learned Appellate Division disallowed the allowance of fifteen per cent and allowed ten per cent for plottage. It states the grounds for its action as follows:

" The next point raised by the respondent is as to the allowance by the majority commissioners of ' plottage ' at fifteen per cent of the total land value found by them. ' Plottage ' has been defined as ' a percentage added to the aggregate value of two or more contiguous lots when held in one ownership, as representing an increased value pertaining to a group of lots by reason of the fact that they admit of a larger and more advantageous disposition or improvement than a single lot.' (*People ex rel. Pennsylvania, N. Y. & L. I. R. R. Co.* v. *O'Donnel,* 130 App. Div. 734, 736.) It was testified by all of the witnesses

that the usual allowance for plottage, because of the ownership of several lots contiguous to one another, was ten per cent. Two of the witnesses for the petitioners have testified that because of the peculiar location and frontage of this plot, fifteen per cent should be allowed for plottage. The other witness for the petitioners, and all of the witnesses for the respondent, testify that ten per cent is all that should be allowed for plottage on this tract, although they all testify that this would be a proper case for an extraordinary allowance for plottage if it were not for the fact that the building on the property has a value which was allowed at from $250,000 to $450,000 by the different witnesses and was fixed by the majority report at $350,000. The witnesses for both parties seem all to agree that ' extraordinary plottage can only be allowed beyond the usual ten per cent in case the property is immediately available for the best possible use,' and the preponderance of the evidence seems to be that the best possible use of such a property as the one in question would be to erect a tall office building on the front with two theatres in the rear. This ' best possible use ' could only occur if the present building were torn down, in which case no value should be or could be allowed for the building. The ' best possible use ' is inconsistent with any substantial allowance for the building. The difference between the ten per cent usual plottage and the fifteen per cent allowed by the majority commissioners amounts to $133,750, and the lowest value given to the building by any of the witnesses was $250,000, the value found by the majority commissioners being $350,000. The testimony of those of the petitioners' witnesses who allow both fifteen per cent for the plottage, and a large sum for the building, shows also that they only considered that property entitled to extraordinary plottage in case the property is available for the best possible use. The result of this comparison of testimony is that an allowance of $350,000 or any substantial sum for the building

is inconsistent with the immediate best use of the land, and consequently inconsistent with an additional plottage allowance. The extra five per cent for plottage should, therefore, be disallowed. * * *

"Upon the appeal of the company the order is modified so as to disallow any sum allowed for plottage over and above ten per cent upon the ground that in making such allowance the commissioners proceeded upon an improper basis because of the allowance for the value of the building made in the report."

Granting to the court a reasonable degree of latitude in determining whether the evidence was insufficient in law (*Matter of Case*, 214 N. Y. 199, 203) to sustain an allowance of fifteen per cent for plottage, we are disposed to say that it did not usurp the functions of the appraisers by placing a valuation on the shares on conflicting evidence. It rejected the evidence on that point as insufficient in law and corrected the award accordingly. To send the proceeding back with directions to the appraisers to do what the court has done would be a useless superfluity.

We now proceed to consider the allowance of interest on the award. The learned Appellate Division held that, because the order appointing the appraisers provided that payment for the stock should be made to the petitioning stockholders within fifteen days after the filing of their report, the sum was sufficiently liquidated to bear interest from that date. This provision in the order was considered on the former appeal. The court said that the direction should be disregarded; that it should not have been contained in the order appointing the appraisers; that such direction should be made by the court "after the appraisers have completed their valuation, and when for the first time it can be done intelligently." (232 N. Y. 1, 9.) Omitting this direction from the original order, we reach the conclusion that the amount allowed by the original appraisers was not liqui-

dated until the direction of the court was obtained as to the "manner in which payment for such stock shall be made to such stockholders" pursuant to Stock Corporation Law, section 17.

"We search in vain," says Hiscock, Ch. J. (232 N. Y. 1, 7), "for any express and definite provision authorizing (in the first instance) an order compelling the corporation to pay the appraised value and take up the dissenting stock." The case does not involve a taking where interest from the time of taking is a part of the due compensation for the property taken. The stockholders' interest in the stock was taken and ceased only "when the corporation shall have paid the amount of such appraisal *as directed by the court.*" (Stock Corporation Law [Cons. Laws, ch. 59], § 17.) The first valid direction of the court as to the manner of payment was when the Special Term made its order confirming the report of the appraisers. As the statute is silent on the subject of interest, interest runs only from the time of confirmation of the award. (*Matter of East River Land Co.,* 206 N. Y. 545.)

By the law of the case, the report of the appraisers was not an adjudication as originally contended by petitioners. It was advisory in its nature, and had no finality until confirmed by the court.

A mistaken view of the law led the petitioners to rest their claims on the unconfirmed award until this court determined the proper procedure. By reason of the hiatuses in the statute, prompt action was not taken when promptness was necessary for the preservation of rights. But when this court collected the intention of the legislature from the language used, it was as if it had been so written in the beginning and the court is bound to follow the construction it has placed on it in this case, wherever that construction may lead.

The petitioners contend that they were stayed from moving to confirm the award. They had no intention to move to confirm until this court indicated that they

could not otherwise bring the proceeding to an end. They were actually stayed from taking steps to enforce the award without an order of confirmation. The controversy between the parties was whether the petitioners were right in their contention that no order of confirmation was necessary. They contended that the proceedings to obtain court action were nugatory and should have been dismissed.

The report was finally confirmed on February 21, 1922, and no question is raised as to the allowance of interest from that date.

The order appealed from should be modified by striking out the allowance of interest from July 30, 1920, to February 21, 1922, and as so modified affirmed, with costs to New York Theatre Company.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.