Jasen, J.
The primary issue presented on this appeal is the propriety of the method of computing damages where there is a partial taking of land and improvements.
On the date of the appropriation, claimant was the owner of a drive-in theatre located on a tract of approximately 4% acres at the intersection of Routes 9L and 9 near the Village of -Lake George. In order to widen Route 9, the State appropriated a one-sixth acre strip of land on the west side of claimant’s property, which included a theatre ticket office, a storage building forming the base for a theatre sign, 49 car spaces, certain fencing, and part of the entrance drive.
The Court of Claims found that the highest and best use of the land was for commercial use, including that of a drive-in theatre, and awarded damages of $20,600 — consisting of $10,000 for land, $9,600 for improvements, and $1,000 consequential damages. The award was affirmed by the Appellate Division, except for the award of consequential damages.
A review of the record discloses that the claimant placed a value on the entire tract, before taking, at $140,875, while the State valued it at $137,475. There was, however, a substantial dispute over the value of the one-sixth acre strip of land taken. Claimant’s appraiser, using a “ bands of valuation ” approach, assigned a greater unit value to the land nearest the highway and a lesser unit value to the remainder of the property. On this basis, he found the value of the land appropriated to be $16,573. The State’s appraiser, on the other hand, assigned the same unit value to the entire tract and arrived at $3,854 in damages. Although not precisely disclosed by the record, the Court of Claims necessarily adopted, to a degree, the approach taken by claimant’s expert, by placing a higher per-unit value on the part taken than on the remainder of the parcel.
The State maintains that the award for land appropriated was based on an error of law in according a higher value to the land near Route 9 than the remaining land, and, at the same time, granting damages for the taking of the improvements located thereon. It contends that to achieve this higher value for commercial frontage, the improvements on the property would have *388 to be destroyed. Consequently, it finds inconsistencies in the award below and asks that we reduce land damages to $5,164. This sum accepts the claimant’s total land value of $140,875 and represents damages based on an over-all unit value of $.723 per square foot of land appropriated.
The value of property taken in a condemnation proceeding is usually a question of fact which cannot be reviewed by this court unless some error of law has been committed. (Matter of City of New York [Fourth Ave.], 255 N. Y. 25, 27.) Consequently, the decision on this appeal turns on whether the courts below correctly applied the proper method of computing damages where there has been a partial taking of land with improvements thereon.
The law is well settled that when there is a partial taking of land, the court, as a general rule, must measure damages by finding the difference between the fair market value of the whole before the taking and the fair market value of the remainder after the taking. (Id., at p. 29; Diocese of Buffalo v. State of New York, 24 N Y 2d 320, 323; see also, 1 Orgel, Valuation Under Eminent Domain [2d ed.], § 64, p. 290 et seq.)
In awarding the sum of $10,000 for the land taken, the courts below departed from the ‘ ‘ before and after ’ ’ rule in computing damages, and erroneously adopted, to a degree, the “ bands of valuation ’ ’ approach advanced by the claimant.
We see no reason for this departure from our “before and after ” valuation rule. In no way are the essential characteristics of the remaining property affected after the taking, since it is still just as useful for outdoor theatre purposes as it was before the taking. Nor does it matter that improvements are located on the land appropriated, as a separate award for such taking was allowed.
Moreover, the “ bands of valuation” method of computing damages for the land is incompatible with the award of damages for the improvements taken.
This is abundantly clear when we consider that in order to achieve a use of the land for purposes other than a drive-in theatre, it would be necessary to demolish the buildings located thereon, whose existence is inconsistent with that highest and best use. It is illogical to award damages for buildings that must be destroyed to achieve the use contemplated in the award of *389 damages for the land. (VanKleeck v. State of New York, 18 N Y 2d 897; Matter of Erlanger, 237 N. Y. 159, 164; Spano v. State of New York, 22 A D 2d 757.)
Such an inconsistency is present in the award below. An award of different unit values for separate parts of a single tract necessarily implies selling the land in separate parcels and destroying the single use. If, as claimant suggests, this higher unit price for the land is warranted because claimant could move back his theatre entrance and build other commercial establishments along Route 9, the present improvements on the land would be of no value. It is erroneous to award compensation for the buildings, based on their continued use, and for the land, based on division of the property and destruction of these same buildings.
Furthermore, the claimant has not lost the value attached to his land from being close to the highway, since this increment would now attach to the land which remains closest to Route 9. If, as claimant alleges, the value of his land increases as it nears the highway, the value of his remaining land must obviously be increased by the widening of Route 9 these few feet.
A “bands of valuation” approach might conceivably be proper if there were no improvements involved or if no value was assigned to these improvements. In this case, however, the existence of the theatre buildings was consistent with the highest and best use found for the property — therefore, the award for the improvements is proper. Since the award for the land was inconsistent with the continued use of the entire tract for a theatre, the damages for the land taken is the source of error here. Consequently, a remand to the Court of Claims is required for a redetermination of the damages for the land taken.
The method suggested by the State of computing damages on a per-unit basis appears reasonable and consistent with the 1 ‘ before and after ’ ’ method. Alternatively, the court might determine the total value of both the land and the improvements before and after the taking consistent with this opinion. However, this is a matter to be determined by the Court of Claims or by stipulation of the parties.
The claimant also alleges that the Appellate Division erroneously eliminated the $1,000 award for consequential damages. *390 Claimant’s theatre sign previously rested upon a high mound on land that was appropriated. As a result of the taking, the sign must now be placed on a lower elevation that is less visible to passing motorists. Claimant seeks restoration of consequential damages for this loss of view.
However, there is no right to be located adjacent to a public highway or to have traffic pass by one’s property. Our courts have consistently refused to award consequential damages because the owner’s property is no longer visible to passing motorists. (Bopp v. State of New York, 19 N Y 2d 368; Feres v. State of New York, 24 A D 2d 661; Nettleson Co. v. State of New York, 11 A D 2d 899.) Although damages have been awarded when an owner’s view out from his property has been impaired (Keinz v. State of New York, 2 A D 2d 415), we find no error in the Appellate Division’s refusal to award damages for reducing passing motorists’ view of claimant’s land.
Accordingly, the order of the Appellate Division should be modified and the case remanded to the Court of Claims for further proceedings in accordance with this opinion, and as so modified, affirmed.
Chief Judge Fuld and Judges Burke, Soileppi, Bergan and Breitel concur; Judge Gibson taking no part.
Order modified in accordance with the opinion herein and, as so modified, affirmed with costs.