In the Matter of ENDICOTT JOHNSON CORPORATION, Appellant-Respondent, v. FREDERICK M. BADE et al., Respondents, and AARON G. BERSE et al., Respondents-Appellants.

Third Department, July 25, 1974.

*Casey, Lane & Mittendorf* (*Alan R. Wentzel* of counsel), for appellant-respondent.

*Zissu & Harris* (*Herman Mark Harris* of counsel), for respondents.

*Abraham Glickman* and *David B. S. Cohen* for Aaron G. Berse, respondent-appellant.

*Gertrude* and *Joseph W. Obreiter, Jr.,* respondents-appellants, *pro se.*

KANE, J. As a result of a proposed merger between petitioner, Endicott Johnson Corporation (herein designated E. J.), and McDonough Co., the court appointed an appraiser to receive evidence and recommend a decision as to the fair value of shares owned by dissenters to the proposed corporate merger. The report of the appraiser recommended, and fixed the fair value of E. J. common stock at $45.75 per share; the trial court accepted that report. Petitioner E. J. claims this figure is too high, and some of the respondents cross-appeal contending this sum, as well as the award of interest and counsel fees, is inadequate.

In arriving at the fair value of E. J. common stock, the appraiser did not rely, to any large degree, on the market or net asset value of petitioner's common stock. Special Term accepted this theory of valuation, and we agree that, under the circumstances, it was quite proper for the appraiser to give greater weight to the investment valuation approach. The parties do not seriously challenge the validity of that method to produce a fair appraisal (cf. *Matter of Fulton*, 257 N. Y. 487). Expert testimony was adduced from opposing security analysts who reached radically different conclusions although they both professed to be utilizing the same approach. Accordingly, the real issue presented, and now contested on this appeal, is whether the appraiser drew an appropriate result from the differing elements of worth presented to him under this investment valuation method. Close examination of the record convinces us that he did in all but one respect. We are compelled to accept petitioner's argument that the separately stated sum of $2.98 per share representing so-called "negative goodwill" was improperly included within the amount finally determined by the appraiser as the fair value of a share of petitioner's common stock. That factor duplicated the value, previously calculated,

for the attractiveness of E. J. stock for investment purposes arising from potentially increased amounts for depreciation and added nothing of substance to its intrinsic worth. It should, therefore, be struck from the appraisal (cf. *Matter of Erlanger*, 237 N. Y. 159, 163). However, we believe that other elements of value accepted by the appraiser merely represented a conscientious effort on his part to recognize petitioner's true earnings from an investment standpoint. Since these matters were based on substantial expert proof and fell well within the range of testimony, we will not otherwise disturb the order accepting that appraisal.

Respondents claim that the 6% rate of interest allowed by the trial court was too low. The applicable statute permits it to be fixed at an " equitable " rate (Business Corporation Law, § 623, subd. [h], par. [6]) and we discern no reason to find that Special Term selected an inappropriate figure. Finally, the attorney for some of the original respondents maintains that the award of counsel fees to his clients was inadequately determined and we agree that it should be increased by the sum of $15,000 to more accurately reflect the efforts undertaken on their behalf in proportion to similar discretionary awards made to other parties respondent by Special Term.

The order should be modified, on the law and the facts, by reducing the fair value of each share of petitioner's common stock and fixing the same at $42.77 per share; increasing the award of counsel fees to Zissu and Harris, Esq., by the additional sum of $15,000; and, except as so modified, affirmed, without costs.

STALEY, JR., J. P., MAIN and REYNOLDS, JJ., concur.

Order modified, on the law and the facts, by reducing the fair value of each share of petitioner's common stock and fixing the same at $42.77 per share; increasing the award of counsel fees to Zissu and Harris, Esq., by the additional sum of $15,000; and, except as so modified, affirmed, without costs.