■ CITY OF NEW YORK, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 52284.)—Appeal from a judgment entered September 17, 1974 upon a decision of the Court of Claims. It is not disputed that the claimant is entitled to "just compensation" for the property taken pursuant to section 3 of the General Municipal Law. The State urges, however, that since the improvement in the form of bridge structures is inconsistent with the conceded highest and best use of the land such improvements have no value as a matter of law *(Acme Theatres v State of New York,* 26 NY2d 385), or alternatively, if value is to be given to such structures, the value of the land as found by the trial court must be reduced by 90% to reflect the diminution in utility and the decrease of the economic potential of the land available for use as industrial land. As a general proposition, the State's contentions might be correct but they are not controlling under the unique factual circumstances presented here *(Matter of Port Auth. Trans-Hudson Corp. [Hudson Rapid Tubes Corp.],* 20 NY2d 457). As the Court of Appeals stated in *Matter of Port Auth. Trans-Hudson Corp. (Hudson Rapid Tubes Corp.) (supra,* p 468), neither it nor the United States Supreme Court has attempted " 'to prescribe a rigid rule for determining what is "just compensation" under all circumstances and in all cases. Fair market value has normally been accepted as a just standard. But when the market value has

been too difficult to find, or *when its application would result in manifest injustice to the owner or public,* courts have fashioned and applied other standards.' *(United States v Commodities Corp.,* 339 US 121, 123 [emphasis added]; *United States v Virginia Elec. Co.,* 365 US 624.)" The Court of Appeals then found that by "any objective standard" an award of scrap value for the Hudson Tubes was unjust because the condemnor should not be permitted to say it is only worth scrap and then actually continue using it. *(Matter of Port Auth. Trans-Hudson [Hudson Rapid Tubes Corp.], supra,* p 468.) Similarly, in *Matter of City of New York (New Gen. Hosp.—Cinelli)* (280 App Div 196, affd 305 NY 835) the City of New York was not permitted to condemn a building and assert that its unique features rendered it of no market value, only salvage value, since the city intended to continue the building in use. Here also, the bridge was not destroyed but actually utilized in considerably substantial part for park purposes, the purposes for which it was taken. The award rendered should, therefore, be affirmed. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.