■ MIRIAM KAUFMAN, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 57463.)—Cross appeals from a judgment in favor of claimant, entered May 24, 1976, upon a decision of the Court of Claims. This claim arises from the appropriation of claimant's land on January 4, 1973. Claimant owned two parcels of land situated on Ellis Hill Road, in the Town of Afton, Chenango County. The main tract, consisting of 71.3 acres, lay south of the road and was improved with the family residence and with several buildings used in claimant's structural steel-used auto parts-scrap metal business. The vacant tract of .718 acre with a maximum depth of 80 feet lay on the north side of Ellis Hill Road. Meandering through the larger tract at distances ranging from 20 to 175

feet south of the road was a creek spanned by a steel bridge capable of withstanding loads of 40 tons. By the appropriation, the State acquired 4.39 acres in fee, including all of the parcel to the north of the road. The State took approximately half of the Ellis Hill Road frontage. Temporary and permanent easements of 1.048 acres and .698 acre, respectively, were taken farther to the east. All buildings and improvements, including the bridge, were taken. The remainder consists mainly of wood and meadowland to the south of the creek. The claimant's appraiser found the before and after highest and best use to be commercial structural steel-used auto parts-scrap metal business with dwelling and land enhancement, arguing that in the after-appropriation situation, it was most economical and reasonable to move the business to part of the remaining land suitable for such use. Claimant's appraiser was of the view that the bridge was essential to the conduct of the business and stated that its replacement value was $15,075. (Evidence was submitted to show that the cost of building a new bridge to the remainder property would be $36,484.) The appraiser did not value the bridge as an improvement, per se, but, rather, he considered it as enhancing the market value of the land. He opined that the land after the taking lost much of its value without the bridge connecting it to the road. (He posited a before value of $290 per acre for all but the homesite.) He compared the property to one sale of property that had no legal access and that was sold off to satisfy a debt. The sale property had a value of $10 per acre and, after adjustments, he assigned the subject property a value of $30 per acre. He therefore found the remainder south of the creek to be consequentially damaged in the approximate amount of $18,000 ($260 per acre loss of value for approximately 68 acres.) His total damage figure, direct and consequential, was $53,942.22. The State's appraiser determined before and after highest and best use to be residential and recreational. Although he testified that the bridge was essential to the present use, he allowed only $2,000 for ground improvements taken, including "lawn, trees, shrubs, well, septic system, gravel drive, bridge". He admitted on cross-examination that his comparable sales all had full access. In his direct testimony he expressed the view that the remaining land north of the creek, fronting on Ellis Hill Road, could accommodate one or two homesites, while the remainder south of the creek did not require a bridge to provide access for such recreational uses as hunting and camping. He therefore found no consequential damages, and his total damage figure was $18,800. The Court of Claims viewed the property after demolition and removal of buildings and determined highest and best use to be "consonant with rural residential and recreational purposes". The court further found that the best use had not changed as a result of the taking. The Court of Claims rejected claimant's request for consequential damages. The court awarded damages in the following amounts:

| | |
|---|---:|
| Homesite (1 acre at 1500/acre | $ 1,500.00 |
| Fee taking (3.390 acres at 300/acre | 1,017.00 |
| Permanent easement (.698 acre) | 139.60 |
| Improvements | 2,500.00 |
| House | 14,000.00 |
| Structures | 5,000.00 |
| | $24,156.60 |

In its written opinion, the court described "land improvements" as including "the normal complement of landscaping, septic system, well, gravel driveway and bridge". In the interests of justice, the judgment is reversed

and a new trial is ordered. The effect of the award as made is to deny claimant just compensation for her bridge, a valuable improvement in its own right. We fully recognize that this resulted from claimant's appraiser's attempt to prove a large item of consequential damages. We agree with the conclusions of the Court of Claims as to its findings of highest and best use before and after the taking, and that the remainder south of the creek was not in fact diminished in market value by the taking of the bridge. Nevertheless, evidence was available from which the value of the bridge as an improvement per se could have been judicially determined, and we conclude that the court erred in failing to do so. It is permissible to value improvements and buildings separately—which the court did in the case of other improvements on the property—so long as the sum meets the standards of just compensation (Matter of City of Rochester v Baker, 48 AD2d 1004; 19 NY Jur, Eminent Domain, § 179). We are not unaware that an award for the value of improvements is prohibited where such improvements are inconsistent with or incompatible with the highest and best use for which the property is employed. However, we reject the State's contention that compensation is not to be awarded for a taken improvement merely because that improvement is not necessary to the use of property in either its before-taking or after-taking posture. Lack of necessity is hardly the equivalent, legally or factually, of inconsistency. The cases in which compensation for incompatible improvements have been disallowed involve situations where the improvement would have to have been torn down or removed to allow for development of the property involved at its highest and best use (see, e.g., Van Kleeck v State of New York, 18 NY2d 897; Matter of Erlanger [New York Theatre Co.], 237 NY 159; Irv-Ceil Realty Corp. v State of New York, 43 AD2d 775; Spano v State of New York, 22 AD2d 757). Here, by contrast, there is no evidence of any inconsistency or incompatability between retention of the bridge by claimant and the devotion of the property to its highest and best use either before or after the taking. A valuable improvement has been taken, and just compensation should be paid. As to the land, claimant's appraiser added, as we have indicated, what he regarded as an enhancement value attributable to the bridge, and this factor may well have been included in his valuation of the homesite. Upon retrial, therefore, testimony as to land values should not include any enhancement factor attributable to the bridge which is, of course, to be separately valued. Judgment reversed, on the law and the facts, with costs to claimant, and a new trial ordered. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.