## (October 13, 1981)

In the Matter of the TOWN OF HEMPSTEAD, Respondent, Relative to Acquiring Title to Real Property Known as POINT LOOKOUT IN THE VICINITY OF SEA SPRAY DRIVE EAST. MALIBU ASSOCIATES, INC., Appellant; OVIDE E. DE ST. AUBIN et al., Respondents. (Matter No. 1.) In the Matter of the TOWN OF HEMPSTEAD, Respondent, Relative to Acquiring Title to Real Property Near POINT LOOKOUT-MALIBU. MALIBU ASSOCIATES, INC., Appellant; OVIDE E. DE ST. AUBIN et al., Respondents. (Matter No. 2.) — Motion by petitioner-respondent Town of Hempstead: "(i) For an order pursuant to section 670.5 of the Rules of this Court to amend the decision and order of this Court, [both] dated April 6, 1981, so as to direct that this matter is remitted for further proceedings wherein Special Term shall determine (a) the value of the taken land (other than that improved by six dwellings) in a manner which reflects its devotion to use for beach club purposes, and (b) the value of the beach club structures in a manner which will compensate Claimant-Appellant for the reasonable reproduction value of the structures less depreciation and less an allowance which reflects the economic obsolescence and unprofitability of such structures, and (ii) For an order pursuant to CPLR section 5602 (b) (1) and section 670.7 of the Rules of this Court granting the Town of Hempstead leave to appeal to the Court of Appeals from the order of this court, dated April 6, 1981, or from such order as it may be amended if the aforesaid motion to amend is granted." Motion denied insofar as it seeks leave to amend the decision and order of this court; motion granted insofar as it seeks leave to appeal to the Court of Appeals from the order dated April 6, 1981. In our opinion, certain questions of law have arisen which ought to be reviewed by the Court of Appeals. The following question is certified: "Was the order of this court dated April 6, 1981 properly made?" Hopkins, J. P., Gibbons and Weinstein, JJ., concur.

Lazer, J., concurs in part and dissents in part, with the following memorandum: I must respectfully voice my dissent from my colleagues' refusal to modify their order reversing Special Term's order and remanding for a new trial dealing with the reproduction value of the beach club improvements. The

order now sought to be modified concluded, in essence, that the Malibu property should be treated as a specialty even though Malibu did not claim it was a specialty and the property clearly did not meet the standards required for such treatment (see *Matter of County of Nassau [Colony Beach Club of Lido]*, 43 AD2d 45, affd 39 NY2d 958). But if reproduction value for its improvements is the fairest way to compensate Malibu for its interest in the property, I still see no basis for enhancing that type of valuation with an award for the highest and best use of the land. Even Malibu's appraiser agreed that the land should be valued as underlying a beach club and not as residential property. I do not believe that *City of New York v State of New York* (49 AD2d 659) provides any support for endowing Malibu with a method of valuation that even a specialty could not achieve. Accordingly, I dissent and vote to modify the original order of reversal so as to require the remand to reconsider land values as well as reproduction cost of the improvements. I am in accord with the majority that leave to appeal should be granted.