OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the matter remitted to that court for consideration of the facts.
 

 The Appellate Division reversed Special Term’s award, on the law, based upon residential use as the highest and best use, because Special Term made no award for im
 
 *1022
 
 provements with a sound value in excess of $1,000,000. The basis for Special Term’s denial of an award for improvements was that the “improvements impeded the highest and best use of the land.” The Appellate Division reversed because “where improvements inconsistent with the best use of the land are nonetheless utilized by the condemnor for the purpose for which they had been erected, the value of the improvements must be compensated” (81 AD2d, p 592), but refused to permit Special Term on remand to reconsider land value as well.
 

 The Appellate Division’s ruling on the law was error. If the value of the improvements is to be considered because the property continues to be used with the improvements, then the award for the land must take into consideration that the land is burdened with that use. The condemnor may be required to pay on the basis of a highest and best use other than the actual use without improvements inconsistent with that use or on the basis of the land value in light of the actual use plus improvements. The condemnee is not, however, entitled to improvements plus land valued on a higher basis than the use with those improvements permits. Because the Appellate Division erred on the law, it did not consider the Special Term decree on the facts. The case is, therefore, remitted to the Appellate Division for consideration of the facts.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order reversed, with costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein. Question certified answered in the negative.