OPINION OF THE COURT
Abraham G. Gerges, J.
*180 In this eminent, domain proceeding, in separate motions, condemnor the City of New York moves for an order dismissing the fixture claims of Jimmy Yan Yun Chen and Pei Li Rong Chen, doing business as T & J Services, and George Cho.
Facts and Procedural Background
This proceeding involves the condemnation of property formerly owned by Cho (block 3151, lot 69) and the Chens (block 3137, lot 11), which was acquired by the City for urban renewal purposes on February 28, 2005. As of the date of vesting of title, the subject properties were vacant land used by claimants as parking lots.
On April 21, 2005, Cho filed a claim for fixtures including fencing, grating, paving, concrete sidewalk and a curb cut. On August 22, 2006, the Chens filed a claim for similar fixtures. On August 30, 2006, the parties exchanged appraisal reports. The City’s appraiser and claimants’ appraisers agree that the highest and best use for the subject properties is for mixed residential and commercial development.
The Parties’ Contentions
In support of its motions, the City argues that claimants should not be compensated for the trade fixtures on their properties because the fixtures are inconsistent with the highest and best use for mixed residential and commercial development. Hence, since the trade fixtures would have to be demolished to make way for the development, they have no value in this condemnation proceeding.
In opposition, claimants argue that simply because the trade fixtures do not complement the highest and best use of the properties does not mean that they are without value. They assert that for this reason, the State of New York abolished the “unit rule,” which provides that the fee and fixtures must be valued together as a single unit, and has instead adopted a rule that values the fee independently of the fixtures.
The Law
“It is fundamental that an owner whose property has been taken in condemnation is entitled to ‘just compensation’ ” (Matter of City of New York [Kaiser Woodcraft Corp.], 39 AD3d 131, 133 [2007], quoting US Const 5th Amend, NY Const, art I, § 7 [a]). It is equally well settled that “[t]he measure of damages in condemnation is the fair market value of the condemned prop *181 erty in its highest and best use on the date of the taking” (Matter of City of New York [Franklin Record Ctr.], 59 NY2d 57, 61 [1983], citing Matter of City of New York [Rudnick], 25 NY2d 146, 148 [1969]; accord Matter of Town of Islip [Mascioli], 49 NY2d 354, 360 [1980]; 627 Smith St. Corp. v Bureau of Waste Disposal of Dept. of Sanitation of City of N.Y., 289 AD2d 472, 473 [2001], appeal dismissed 98 NY2d 646 [2002], lv denied 98 NY2d 611 [2002]). As is also relevant herein, it has been held that “[c]ondemnees include the owners of fixtures appended to real property taken by eminent domain” (Matter of Village of Port Chester v Sorto, 14 AD3d 570, 571 [2005], citing Matter of City of New York [G & C Amusements], 55 NY2d 353, 359 [1982], rearg denied 56 NY2d 805 [1982]; Interlake Serv. Sta. v State of New York, 249 AD2d 275, 276 [1998], lv denied 92 NY2d 809 [1998], and Whitehall Corners v State of New York, 210 AD2d 398 [1994]).
It has been recognized, however, that:
“If the value of the improvements is to be considered because the property continues to be used with the improvements, then the award for the land must take into consideration that the land is burdened with that use. The condemnor may' be required to pay on the basis of a highest and best use other than the actual use without improvements inconsistent with that use or on the basis of the land value in light of the actual use plus improvements. The condemnee is not, however, entitled to improvements plus land valued on a higher basis than the use with those improvements permits.” (Matter of Town of Hempstead [Malibu Assoc.], 56 NY2d 1020, 1022 [1982].)
Stated more succinctly, “[i]t is illogical to award damages for buildings that must be destroyed to achieve the use contemplated in the award of damages for the land” (Acme Theatres v State of New York, 26 NY2d 385, 388-389 [1970], citing Van Kleeck v State of New York, 18 NY2d 897 [1966], Matter of Erlanger, 237 NY 159, 164 [1923], and Spano v State of New York, 22 AD2d 757 [1964]; accord Matter of County of Nassau, 43 AD2d 45, 51 [1973], affd 39 NY2d 958 [1976] [where the highest and best use for the land was to be employed for a different purpose, no substantial value could be accorded to the improvement which had to be torn down]; Irv-Ceil Realty Corp. v State of New York, 43 AD2d 775, 776 [1973] [since the improvements on a miniature golf course were inconsistent with the highest *182 and best use for which claimant was compensated, the court properly refused to award compensation for the fixtures]).
Discussion
Herein, both claimants and the City agree that the highest and best use of the properties is for development for mixed commercial and residential use. Claimants do not deny the City’s assertion that to so develop the properties, the existing parking lots must be demolished, but argue that they should nonetheless be compensated for the fixtures. As the above discussion of the controlling authorities makes clear, however, this assertion is contrary to law, since a condemnee is not entitled to be compensated for improvements, plus land valued on a higher basis than the use with those improvements permits, when the improvements must be demolished (see generally Matter of Town of Hempstead [Malibu Assoc.], 56 NY2d at 1022; Acme Theatres, 26 NY2d at 388-389; Van Kleeck, 18 NY2d at 899; Matter of County of Nassau, 43 AD2d at 51; Irv-Ceil Realty Corp., 43 AD2d at 776).
Claimants’ reliance upon Marraro v State of New York (12 NY2d 285 [1963]) and City of Buffalo v Michael (16 NY2d 88 [1965]) does not compel a contrary result, since these cases addressed the issue of the allocation of a condemnation award between the fee holder and tenants who had installed fixtures. Accordingly, although both cases discussed the “unit rule,” neither addressed the issue of whether the owner of fixtures was entitled to be compensated for fixtures that had to be demolished in order to develop property at its highest and best use.
Conclusion
Accordingly, for the above-discussed reasons, the City’s motion to dismiss the fixture claims of the Chens and Cho is granted.