OPINION OF THE COURT
Abraham G. Gerges, J.
*645 In this eminent domain proceeding, the condemnor the City of New York (the City) moves for an order, pursuant to Eminent Domain Procedure Law § 304 (H), compelling fixture claimant George Cho to remit to the City the sum of $8,650 which was tendered to him as an advance payment, plus interest.
Facts and Procedural Background
The City acquired title to block 3151, lot 69, on February 28, 2005. On January 20, 2006, Cho received an advance payment of $8,650, plus interest in the amount of $363.04. After appraisals were exchanged on August 30, 2006, the City moved to dismiss claimant’s fixture claim on the ground that the highest and best use of the fee was inconsistent with the fixtures for which claimant sought compensation. The motion was granted by decision dated April 17, 2008 (Matter of City of New York, 20 Misc 3d 179 [2008]). Claimant appealed the decision, which was affirmed by the Appellate Division, Second Department, on October 20, 2009 (Matter of West Bushwick Urban Renewal Area Phase 2, 69 AD3d 176 [2009]). The City served a copy of that decision with notice of entry on claimant on October 27, 2009.
Thereafter, by letter dated November 9, 2009, the City requested that claimant remit the $8,650 that he received within 30 days and advised him that if a motion had to be made pursuant to EDPL 304 (H) seeking to compel the return of the money, it would also seek to recover interest.
The Party’s Contentions
In support of its motion, the City contends that it is entitled to recover the amount of the advance payment, with interest, pursuant to EDPL 304 (H).
In opposition, claimant argues that since the City’s motion was served on February 19, 2010, which is more than 30 days after the Appellate Division rendered its decision, it must be denied as time-barred pursuant to EDPL 304 (H). Claimant further points out that the motion is made over one year and 10 months after this court rendered its decision holding that claimant was not entitled to the advance payment and almost four months after the City served a copy of the Appellate Division decision on him. In so arguing, claimant contends that the City’s letter of November 9, 2009 should not be held to toll the running of the 30-day statute of limitations set forth in EDPL 304 (H). Moreover, after receiving that letter, claimant’s attorney advised the City that claimant would oppose the demand *646 for repayment, so that the City was put on notice that a motion would be necessary to recover the advance payment.
Claimant further argues that the City’s motion should be denied pursuant to the doctrine of laches, since he had no reason to believe that the City would seek reimbursement. In this regard, claimant alleges that no mention was made of an intent to recoup the funds advanced at any time before the City sent its letter of November 9, 2009. More significantly, the City did not so advise claimant when he entered into a settlement on March 29, 2009 with respect to other parcels taken in this proceeding, including his property. He also points out that other claimants who received advance payments for fixture claims were not asked to return the funds.
Finally, claimant avers that if the City’s motion is granted, a claimant would be required to hold advance payments in escrow in order to insure that funds would be available in the event that repayment is sought years later. Accordingly, since the purpose of making an advance payment is to provide money for a claimant to obtain replacement property, and claimant herein used the funds advanced to him by the City to relocate his business, expecting him to return the money is contrary to the intent of the law. Claimant thus alleges that if he is ordered to return the advance payment, he will be severely prejudiced. He therefore concludes that the court should exercise its equitable powers and deny the City’s motion.
In reply, the City asserts that it does not view EDPL 304 (H) as setting forth a statute of limitations, but instead interprets it as being “a guideline for motion practice, if such practice becomes necessary.” The City further argues that claimant’s reliance upon laches is without merit, since the motion to dismiss the fixture claim should have put him on notice that the City might seek to recover the advance payment if its motion was granted, and that the doctrine of estoppel is not applicable to government entities. The City also contends that claimant’s opposition is without probative value, since Mr. Cho did not submit an affidavit. Finally, the City explains that Mr. Cho was not singled out for different treatment because another claimant who received payment for a fixture claim had not yet settled the fee claim, so that the advance payment can be recouped out of the fee payment, and two others never received the advance payment for their fixture claims, so that there were no funds to be recovered.
*647 The Law
EDPL 304 (H) provides that
“[w]hen an advance payment to a condemnee made pursuant to this section by the condemnor exceeds the award of the court for that property, the court shall, on motion, enter judgment in favor of the condemnor for the amount of such excess and appropriate interest. Such motion shall be made on notice served within thirty days after delivery to the condemnor of the decision of the court making the award.”
Thus, pursuant to this provision, a condemnor is entitled to the return of an excess advance payment (see e.g. Matter of Town of Brookhaven v Reith, 254 AD2d 426 [1998]).
In addressing claimant’s contention that the City’s motion should be denied on the ground of laches, it is noted that laches is defined “as an equitable bar, based on a lengthy neglect or omission to assert a right and the resulting prejudice to an adverse party” (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003], cert denied 540 US 1017 [2003], citing Matter of Barabash, 31 NY2d 76, 81 [1972]). The doctrine is based on fairness and application depends upon the facts of the case (see e.g. Continental Cas. Co. v Employers Ins. Co. of Wausau, 60 AD3d 128, 137 [2008]). It is well established that
“[t]o establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant (see, Dwyer v Mazzola, 171 AD2d 726, 727). All four elements are necessary for the proper invocation of the doctrine (see, Dwyer v Mazzola, supra, at 727).” (Cohen v Krantz, 227 AD2d 581, 582 [1996].)
Discussion
The court first finds that claimant’s reliance upon laches is not supported by the facts inasmuch as it is disingenuous of him to argue that he was not on notice that the City would seek to recoup the money advanced to him once it made a motion *648 seeking the dismissal of his fixture claim. Further, it will also be presumed that claimant believed that the decision would have an adverse impact upon him when an appeal was taken. The court also finds that applying EDPL 304 (H) is not inequitable, since the provision appears, on its face, to balance a condemnor’s obligation to promptly make an advance payment against a claimant’s obligation to refund that portion of any payment that exceeds an award ordered by the court. Accordingly, the argument that EDPL 304 (H) is contrary to the purpose to be served by making an advance payment is better made to the Legislature. The court further finds that the City adequately explained why no refund of the advance payments made was sought from other claimants in this proceeding.
The court finds, however, that EDPL 304 (H) should be applied as written. From this it follows that the City’s failure to make a motion seeking to recoup the advance payment within 30 days of service of the order of the Appellate Division with notice of entry upon claimant compels the denial of its motion. In so holding, the court again notes, as was held in the recent decision of Matter of City of New York (27 Misc 3d 1213[A], 2010 NY Slip Op 50722[U], *5 [2010]), that since
“the enactment of the EDPL ‘was intended to standardize the means for the public acquisition of property and for determining just compensation for those whose property is taken’ ([Matter of City of New York, 23 Misc 3d 1133(A), 2009 NY Slip Op 51066[U], *4 (2009)], quoting East Thirteenth St. Cmty. Assn, v New York State Urban Dev. Corp., 84 NY2d 287, 293-294[ ] [1994]), the City will not be permitted to modify the procedures to be followed in a condemnation proceeding.”
Accordingly, the court finds the City’s self-serving contention that it chooses to interpret EDPL 304 (H) as imposing a guideline that it is free to ignore to be unpersuasive.
Conclusion
For the above-stated reasons, the City’s motion is denied.